156 S.W.3d 651 (2005)
In the Interest of J.I., A Child
No. 2-04-299-CV.
Court of Appeals of Texas, Fort Worth.
January 3, 2005.
Lynn M. Blowers, Arlington, for Appellant.
Charles M. Mallin, David Curl, Asst. Crim. Dist. Atty's, James Teel, Asst. Dist. Atty, Anne Swenson, Fort Worth, Duke Hooten, Appellate Atty, Office of Gen. Counsel Special Litigation Unit, Austin, for Appellee.
Panel M: GARDNER, WALKER, and MCCOY, JJ.

ORDER
PER CURIAM.
This is an accelerated appeal of an order terminating parental rights. See TEX. FAM. CODE ANN. § 263.405(a) (Vernon 2002); see also TEX. FAM. CODE ANN. § 109.002(a) (Vernon 2002) ("An appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts."). In cases where the children are under the care of the Texas Department of Protective and Regulatory Services ("the Department"), we must render our decision with the least possible delay. Id. § 263.405(a). We may not extend the time for filing an appellate brief except on a showing of good cause. Id. § 263.405(h) (emphasis added).
*652 In a non-termination of parental rights appeal we may grant a briefing extension when a reasonable explanation is given for the needed extension. TEX. R. APP. P. 10.5(b)(1)(C), 38.6(d). A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669 (Tex.1989). However, in termination of parental rights appeals the legislature has statutorily restricted briefing extensions to those based on a showing of good cause. TEX. FAM. CODE ANN. § 263.405(h). A showing of good cause requires more than a reasonable explanation. See Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex.1977) (recognizing reasonable explanation requirement was a relaxation or prior good cause requirement). Courts have held that a general allegation of workload, standing alone, does not constitute good cause for an extension. Hubbard v. State, 649 S.W.2d 167, 169 (Tex.App.-Dallas 1983, no pet.). In limited situations, for very limited periods of time, however, workload may constitute "good cause" justifying an extension of time to file a brief. Newfield v. State, 766 S.W.2d 408, 409 (Tex.App.-Dallas 1989, order).
Here, the Department's brief was due on December 20, 2004. The Department filed a motion for an extension of time seeking an extension of its brief's due date until January 31, 2005. The grounds stated in the motion are that a careful reading of the 426-page reporter's record is required to address the sufficiency challenges raised by appellant; that the appellate division did not receive appellant's brief until December 9, 2004, and that the brief was not assigned to an attorney until December 15, 2004, due to a mix up caused by ongoing office renovation; that the attorney assigned to draft the brief will be out of the office "for several days" due to the holidays; and that in recent weeks, the attorney assigned to draft the brief for the Department has filed briefs in five other cases and responded to one motion for rehearing.
Although the Department's motion indicates that in recent weeks the attorney assigned to draft the Department's brief in this case has completed several other briefs, the motion does not show what pending work will prevent counsel from immediately turning his attention to the present appeal. In short, the Department's extension motion does not supply sufficient detail to show good cause for the requested forty-day extension of time. Nor have we been provided with any details stating that counsel has examined the record in this case (other than his statement regarding the number of pages contained in the reporter's record) or that he has made a professional assessment of how much time is needed to complete the Department's brief, that is, that it will take forty days. There has been no showing or allegation that it is not possible to prepare the Department's brief in any shorter period of time.
Therefore, we grant the motion for extension, but only for three weeks. The Department's brief is due January 10, 2005.
The clerk of this court is directed to transmit a copy of this order to the attorneys of record.