Opinion issued March 1, 2007 


 













In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01093-CV

____________


JONATHON POOL, Appellant


V.


TEXAS DEPARTMENT OF FAMILY & PROTECTIVE SERVICES,
Appellee






On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 2005-03850J







O P I N I O N

 We deny appellant's motion for rehearing. Tex. R. App. P. 49.3. We withdraw
our December 14, 2006 opinion, substitute this opinion in its place, and vacate our
December 14, 2006 judgment.

 In this accelerated appeal, (1) appellant, Jonathon Pool, challenges the trial court's
decree, entered after a bench trial, terminating his parental rights to his daughter. In
his first and second issues, Pool contends that the evidence is legally and factually
insufficient to support the trial court's findings that he knowingly placed or
knowingly allowed his daughter to remain in conditions or surroundings which
endangered her physical or emotional well-being (2) and that he engaged in conduct or
knowingly placed her with persons who engaged in conduct which endangered her
physical or emotional well-being. (3) In his third issue, Pool contends that the evidence
is legally and factually insufficient "to support a finding that termination of parental
rights was in the best interest of the child." (4)

 We affirm. (5)

Factual and Procedural Background

 On April 25, 2005, the Texas Department of Family and Protective Services
("DFPS") filed its petition to terminate Pool's parental rights to his daughter. (6) At the
conclusion of the bench trial, the trial court found that DFPS "sustained its burden of
proof in regards to the father on 161.001(1)(D) & (E)." (7) The trial court subsequently
signed a decree, terminating Pool's parental rights to his daughter, on the following
grounds:

8.1 The Court finds by clear and convincing evidence that
termination of the parent-child relationship between [Pool]
and the child . . . is in the child's best interest.


8.2 Further, the Court finds by clear and convincing evidence
that [Pool] has: 


 8.2.1 knowingly placed or knowingly allowed the
child to remain in conditions or surroundings
which endanger the physical or emotional well-being of the child, pursuant to § 161.001(1)(D)
of the Texas Family Code; (8)


 8.2.2 engaged in conduct or knowingly placed the
child with persons who engaged in conduct
which endangers the physical or emotional
well-being of the child, pursuant to §
161.001(1)(E) of the Texas Family Code[.] (9)


Statement of Points

 As a preliminary matter, DFPS (10) contends that this Court "may not consider
[Pool's] issues because none of those issues were specifically presented to the trial
court in a timely filed statement of the points as required by [s]ection 263.405 of the
[Texas] Family Code." See Tex. Fam. Code Ann. § 263.405 (Vernon Supp. 2006). 
 Because Pool did not timely file a statement of points, we are bound to resolve
this appeal on a statutorily mandated basis without addressing the merits of any of the
issues Pool raises in his appellate brief. See In re D.A.R., 201 S.W.3d 229, 231 (Tex.
App.--Fort Worth 2006, no pet.); In re E.A.R., 201 S.W.3d 813, 813-14 (Tex.
App.--Waco 2006, no pet.); In re S.E., 203 S.W.3d 14, 15 (Tex. App.--San Antonio
2006, no pet.). 

 Section 263.405(b) of the Texas Family Code requires an appellant to file, not
later than the 15th day after the date a final termination order is signed, "a statement
of the point or points on which the party intends to appeal." Tex. Fam. Code Ann.
§ 263.405(b) (Vernon Supp. 2006). This statement of points may also be combined
with a motion for new trial. Id. The record before us contains no statement of points
on appeal, either standing alone or combined with a motion for new trial.

 The Legislature added a new subsection to section 263.405, effective for
appeals filed after September 1, 2005, which states: 

The appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on
which the party intends to appeal or in a statement combined with a
motion for new trial. For purposes of this subsection, a claim that a
judicial decision is contrary to the evidence or that the evidence is
factually or legally insufficient is not sufficiently specific to preserve an
issue for appeal.


Id. § 263.405(i) (Vernon Supp. 2006). 

 Here, the decree was signed on October 24, 2005, and the notice of appeal was
filed on November 28, 2005. Thus, section 263.405(i) applies to this appeal. When
no statement of points exists, under the express terms of the statute, there is no
contention of error that can be raised that we may consider on appeal. Id. 
Accordingly, we hold that we cannot consider the issues concerning the sufficiency
of the evidence supporting the termination decree under section 161.001(1)(D)-(E)

that Pool attempts to raise in his brief. (11) 

 In his motion for rehearing, appellant generally contends that our holding
precludes him from asserting his "right to appeal the judgment of the trial court
terminating his parental rights." He notes that his appellate counsel was not appointed 
to represent him until after the deadline for filing a statement of points had passed. 
Appellant also notes that his trial counsel did not file a statement of points or a new
trial motion. 

 Here, however, appellant has not asserted that his trial counsel effectively
abandoned him after the trial court signed its judgment, nor has he made any argument
that his trial counsel provided ineffective assistance in not filing a statement of points
or a new trial motion. See Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App.
1988) (holding that "trial counsel, retained or appointed, has the duty, obligation and
responsibility to consult with and fully to advise his client concerning meaning and
effect of the judgment rendered by the court, his right to appeal from that judgment,
the necessity of giving notice of appeal and taking other steps to pursue an appeal, as
well as expressing his professional judgment as to possible grounds for appeal and
their merit, and delineating advantages and disadvantages of appeal" and finding that
"presumptively indigent applicant did not receive any practical assistance of counsel
in protecting and preserving his appellate rights"); Ward v. State, 740 S.W.2d 794, 800
(Tex. Crim. App. 1987) (holding that appellant had been denied his right to effective
assistance of counsel on appeal in violation of his due process rights under the
Fourteenth Amendment and the Texas Constitution (12) when appellant "as a practical
matter received no assistance as to the substantive issues that may be presented on
appeal" and remanding case to court of appeals with "instructions to abate the appeal"
and resetting "all applicable appellate time limits on appeal"). Appellant's general
assertions regarding the appointment of his appellate counsel do not compel the
conclusion that he was precluded from exercising his right to appeal.Conclusion

 We affirm the decree of the trial court. 



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley. 
1. See Tex. Fam. Code Ann. § 263.405(a) (Vernon Supp. 2006). 
2. Id. § 161.001(1)(D) (Vernon Supp. 2006).
3. Id. § 161.001(1)(E) (Vernon Supp. 2006). 
4. Id. § 161.001(2) (Vernon Supp. 2006). 
5. Although the notice of appeal was untimely filed, it was filed within the 15-day period
in which parties may file a motion to extend time to file a notice of appeal. Tex. R.
App. P. 26.3. Accordingly, we implied a motion to extend time to file the notice of
appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). Appellant also
filed a reasonable explanation for the late filing of the notice of appeal, which we
accepted. See Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). Therefore,
we have jurisdiction over this appeal.
6. The motion filed by DFPS requested termination of the parental rights of both Pool
and the child's mother, Tiffany Ann Zimmerman. Zimmerman is not a party to this
appeal. 
7. See Tex. Fam. Code Ann. § 161.001(1)(D)-(E). 
8. Id. § 161.001(1)(D). 
9. Id. § 161.001(1)(E). 
10. Pool's brief was filed on June 19, 2006, and DFPS's brief was due on July 10, 2006. 
DFPS filed its untimely brief on July 13, 2006, contemporaneously with an 
unopposed motion for extension of time to file its brief. In termination of parental
rights appeals, briefing extensions may be granted only on a showing of good cause.
See Tex. Fam. Code Ann. § 263.405(h) (Vernon Supp. 2006) ("Except on a showing
of good cause, the appellate court may not extend the time for filing a[n] . . . appellate
brief."). 


 In its motion for extension, DFPS asserted that there was good cause for an extension
"because despite the undersigned attorney's best efforts in trying to complete
appellee's brief by the deadline the undersigned attorney has been unable to do so in
the face of other competing deadlines." DFPS's attorney stated that since June 19,
2006, she "ha[d] been required to prepare numerous items for filing in the appellate
courts" including an appellee's brief and a motion for en banc reconsideration as well
as a motion for rehearing in the Texas Supreme Court. DFPS further stated that
"[w]ith the competing demands from the aforementioned matters, the undersigned
attorney has been unable to prepare and complete the appellee's brief in this case by
the deadline." 


 We note that a showing of good cause requires more than a reasonable explanation
and that general allegations of workload, standing alone, do not constitute good cause
for an extension. In re J.I., 156 S.W.3d 651, 652 (Tex. App.--Fort Worth 2005,
order). However, "[i]n limited situations, for very limited periods of time," workload
will constitute "good cause" justifying an extension to file a brief. Id. Given the
exceptional workload of DFPS's attorney and the fact that her brief was actually on
file with the Court within three days of the deadline, we grant DFPS's motion for
extension of time to file its brief. 
11. In reaching our holding, we join the Fort Worth Court of Appeals and Justice Vance
of the Waco Court of appeals "in questioning the practical applications and
constitutional validity of this statute," but we also agree that we simply "are barred
by the legislature" from considering Pool's issues. See In re D.A.R., 201 S.W.3d at
230-31 (noting that legislature has mandated that indigent parents receive appointed
counsel and that Texas Supreme Court has held that this "statutory right to counsel
in parental-rights termination cases embodies the right to effective counsel"; further
noting "that, unlike their counterparts in criminal cases, for whom the legislature has
specifically provided an avenue of adequate relief through a writ of habeas corpus if
trial counsel was ineffective but did not preserve the issue for appeal, parents in these
cases who allege ineffective assistance of counsel apparently have no recourse other
than direct appeal by which to overturn the trial court's judgment severing forever the
ties with their children"); In re E.A.R., 201 S.W.3d at 816 (Vance, J., concurring) ("I
thus question whether subsection 263.405(i), as applied to certain termination
cases-especially those cases involving indigent parents whose appointed appellate
counsel is not the same as appointed trial counsel-passes constitutional muster
because it can operate to deprive appellate review of any issues under its accelerated
timetable."). 
12. See U.S. Const. amend. XIV; Tex. Const. art. I, § 19.