

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00033-CV
### NO. 02-16-00034-CV

LESLIE ALLEN SCHRECENGOST                                   APPELLANT

V.

THE STATE OF TEXAS                                          APPELLEE

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NOS. F-2010-0665-B, F-2011-1534-B

----------

## MEMORANDUM OPINION[1]

----------

Through these two appeals, Appellant Leslie Allen Schrecengost attempts to challenge the trial court's December 8, 2015 order denying his "Motion to Cease Withdrawal of Funds."[2]    Because Schrecengost did not file a

----

[1]See Tex. R. App. P. 47.4.

[2]See Harrell v. State, 286 S.W.3d 315, 321 (Tex. 2009) (holding that proceedings involving the withdrawal of funds from an inmate trust account are

postjudgment motion to extend the appellate deadline, his notice of appeal was due on January 7, 2016. *See* Tex. R. App. P. 26.1. Schrecengost filed his notice of appeal on January 19, 2016, twelve days late.

On February 2, 2016, we sent a letter to Schrecengost stating our concern that we lacked jurisdiction over these appeals because his notice of appeal was not timely filed. We informed Schrecengost that unless he, or any party desiring to continue the appeals, filed a response by February 12, 2016, showing an explanation for the late filing of the notice of appeal, the appeals could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a). Schrecengost timely filed a response to our jurisdiction letter.

In his response, Schrecengost explained that because he is incarcerated, he is not only "restrained by the speed of the United States Postal Service, but the [prison] mail room as well." He then provided a timeline of events relating to his notice of appeal and asked that we accept the timeline as a reasonable explanation for his late filing. In his timeline, Schrecengost acknowledged that he received the trial court's denial of his "Motion to Cease Withdrawal of Funds" on December 23, 2015, yet waited until January 12, 2016, to place his notice of

civil in nature and that the proper method for seeking appellate review of an order of withdrawal of funds from an inmate trust account is by direct appeal of the order).

2

appeal in the prison mail.[3]  No explanation was given for the twenty-day delay between the date Schrecengost received the trial court's order and the date he mailed his notice of appeal.

An appellate court may extend the time to file a notice of appeal if, within fifteen days after the due date, the appellant files his notice of appeal and a motion for extension of time in the appellate court.  Tex. R. App. P. 26.3.  A motion for extension of time is implied when a notice of appeal is filed in good faith within fifteen days following the appellate deadline.  *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Johnson v. Hope Vill. Apartments*, No. 09-09-00526-CV, 2010 WL 4263760, at *6 (Tex. App.—Beaumont Oct. 28, 2010, pet. denied) (mem. op.).  An appellant, however, is required to offer a reasonable explanation for the delay in the filing of the notice of appeal.  *See* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *In re G.J.P.*, 314 S.W.3d 217, 221 (Tex. App.—Texarkana 2010, pet. denied).  A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance."  *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989); *In re J.I.*, 156 S.W.3d 651, 652 (Tex. App.—Fort Worth 2005, order).

---

[3]While Schrecengost's timeline indicates that the certificate of service for his notice of appeal was made on "1-10-15," the actual certificate of service provides a date of January 12, 2016.

Here, Schrecengost has not provided a reasonable explanation for his delay in filing his notice of appeal.  Accepting his timeline as true, it indicates that Schrecengost received the trial court's denial of his "Motion to Cease Withdrawal of Funds" on December 23, 2015—well before the January 7, 2016 deadline to file his notice of appeal—yet he does not provide any explanation as to why he waited until January 12, 2016, to mail his notice of appeal.  There is nothing in the record before us demonstrating the required showing that this delay was the result of inadvertence, mistake, or mischance.  *See Garcia*, 774 S.W.2d at 669; *J.I.*, 156 S.W.3d at 652.

As Schrecengost has not provided a reasonable explanation for his delay in filing his notice of appeal, we lack jurisdiction over these appeals.  *See Jones*, 976 S.W.2d at 677; *G.J.P.*, 314 S.W.3d at 221; *see also Perez v. State*, No. 07-08-00124-CR, 2008 WL 1744323, at *1 (Tex. App.—Amarillo Apr. 16, 2008, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction when appellant did not provide an explanation for his untimely notice of appeal but merely provided relevant dates and expressed a desire to appeal).  Accordingly, we dismiss these appeals for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  April 7, 2016

4