IN THE INTEREST OF D.A.R.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-043-CV

IN THE INTEREST OF D.A.R. 

------------

FROM THE 362ND 
DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant K.E.M., biological mother of D.A.R., timely filed a notice of appeal in this case on February 6, 2006, contesting the trial court’s order terminating her parental rights.  In two points, Appellant contends that the trial court erred by delaying the appointment of appellate counsel and that her trial counsel committed ineffective assistance. Appellant does not challenge the constitutionality of section 263.405(i) of the Texas Family Code.

Appellant’s two points on appeal do not appear in her statement of points or motion for new trial.  Historically, this court has held that the absence of a point from a statement of points, and, indeed, the absence of a statement of points, does not deprive us of the ability to review an issue on appeal in a termination case.
(footnote: 1)  In response to this line of cases and similar cases from other intermediate appellate courts, the legislature enacted section 263.405(i).
(footnote: 2) In the appeal of a final order in a termination case filed by the Texas Department of Family and Protective Services, section 263.405(i) bars this court from considering any issues not “specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial.”
(footnote: 3)  Section 263.405(i) is effective for cases, like this one, appealed on or after September 1, 2005.
(footnote: 4)   
We note that the legislature has also mandated that indigent parents in these termination cases receive appointed counsel.
(footnote: 5)  The Supreme Court of Texas has held that this “statutory right to counsel in parental-rights termination cases embodies the right to effective counsel,”
(footnote: 6) and this court has specifically held that “the statutory right to appointed counsel afforded to indigent parents in termination proceedings embodies a due process right that counsel render effective assistance.”
(footnote: 7)  The Supreme Court of Texas has also provided that “because Texas provides the right of an appeal from a judgment on parental-rights termination, part of the process of ensuring the accuracy of judgments necessarily involves appellate review.”
(footnote: 8)  Finally, we note that, unlike their counterparts in criminal cases, for whom the legislature has specifically provided an avenue of adequate relief through a writ of habeas corpus if trial counsel was ineffective but did not preserve the issue for appeal,
(footnote: 9) parents in these cases who allege ineffective assistance of counsel apparently have no recourse other than direct appeal by which to overturn the trial court’s judgment severing forever the ties with their children.
(footnote: 10)
 Nevertheless, while we join Justice Vance of our sister court in Waco in questioning the practical applications and constitutional validity of this statute,
(footnote: 11) we are barred by the legislature from considering Appellant’s points on appeal because they do not appear in Appellant’s statement of points or motion for new trial.
(footnote: 12)  Consequently, we affirm the trial court’s order terminating Appellant’s parental rights.

LEE ANN DAUPHINOT

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

CAYCE, C.J. concurs without opinion.

DELIVERED:  August 10, 2006

FOOTNOTES
1:
See In re D.S.
, 176 S.W.3d 873, 876-77 (Tex. App.—Fort Worth 2005, no pet.) (holding absence of statement of points does not preclude our consideration of appellate issues in termination appeals filed before September 1, 2005); 
In re B.T.
, 154 S.W.3d 200, 205 (Tex. App.—Fort Worth 2004, no pet.) (providing appellants did not waive claims raising ineffective assistance of counsel by not including them in statement of points); 
In re S.J.G.
, 124 S.W.3d 237, 243 (Tex. App.—Fort Worth 2003, pet. denied) (holding failure to file statement of points is no bar to appeal); 
In re W.J.H.
, 111 S.W.3d 707, 712 (Tex. App.—Fort Worth 2003, pet. denied) (holding failure to raise issue in statement of points does not forfeit it on appeal); 
In re D.R.L.M.
, 84 S.W.3d 281, 291 (Tex. App.—Fort Worth 2002, pet. denied) (holding failure to timely file statement of points does not forfeit issues on appeal).

2:
See
 
In re E.A.R.
, No. 10-06-00037CV, 2006 WL 1642105, at *2 & n.2 (Tex. App.—Waco June 16, 2006, no pet. h.) (Vance, J., concurring) (referring to and quoting the 
House Comm. On Juvenile Justice and Family Issues
, 
Bill Analysis
, Tex. H.B. 409, 79th Leg., R.S. (2005)).

3:
Tex. Fam. Code Ann.
 § 263.405(i) (Vernon Supp. 2005).

4:
D.S.
, 176 S.W.3d at 876 (examining the enacting legislation of section 263.405(i)).

5:
Tex. Fam. Code Ann.
 §
 107.013 (Vernon Supp. 2005).

6:
In re M.S.
, 115 S.W.3d 534, 544 (Tex. 2003).

7:
In re K.L.
, 91 S.W.3d 1, 13 (Tex. App.—Fort Worth 2002, no pet.).

8:
M.S.
, 115 S.W.3d at 546 (footnote omitted).

9:
See
 
Tex. Code Crim. Proc. Ann.
 arts. 11.07, 11.071 (Vernon 2005); 
see also Ex parte Torres
, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (holding that rejection of ineffective assistance claim on direct appeal does not bar relitigation of it on habeas corpus to the extent that applicant seeks to gather and introduce additional evidence).

10:
See
 
Tex. Fam. Code Ann.
 § 161.211 (Vernon 2002) (barring collateral attacks of termination orders after the expiration of six months); 
King Ranch
,
 Inc. v. Chapman
, 118 S.W.3d 742, 752 (Tex. 2003), 
cert. denied
, 541 U.S. 1030 (2004) (summarizing the requirements for a bill of review and specifically providing that “allegations of fraud or negligence on the part of a party's attorney are insufficient to support a bill of review”).

11:
See E.A.R.
, No. 10-06-00037CV, 2006 WL 1642105, at *3-4 & n.7 (Vance, J., concurring).

12:
See
 
Tex. Fam. Code Ann.
 § 263.405(i).