**Jonathon POOL, Appellant,**

v.

**TEXAS DEPARTMENT OF FAMILY & PROTECTIVE SERVICES,**
**Appellee.**

No. 01–05–01093–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 2007.

Rehearing Overruled March 1, 2007.

---

Brian J. Fischer, Houston, TX, for Appellant.

Sandra D. Hachem, Senior Assistant County Attorney, Garland D. McInnis, Jr., Houston, TX, Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

TERRY JENNINGS, Justice.

We deny appellant's motion for rehearing. Tex.R.App. P. 49.3. We withdraw our December 14, 2006 opinion, substitute this opinion in its place, and vacate our December 14, 2006 judgment.

In this accelerated appeal,[1] appellant, Jonathon Pool, challenges the trial court's decree, entered after a bench trial, terminating his parental rights to his daughter. In his first and second issues, Pool contends that the evidence is legally and factually insufficient to support the trial court's findings that he knowingly placed or knowingly allowed his daughter to remain in conditions or surroundings which endangered her physical or emotional well-being[2] and that he engaged in conduct or knowingly placed her with persons who

---

1.  See Tex. Fam.Code Ann. § 263.405(a) (Vernon Supp.2006).

2.  Id. § 161.001(1)(D) (Vernon Supp.2006).

engaged in conduct which endangered her physical or emotional well-being.[3] In his third issue, Pool contends that the evidence is legally and factually insufficient "to support a finding that termination of parental rights was in the best interest of the child."[4]

We affirm.[5]

## Factual and Procedural Background

On April 25, 2005, the Texas Department of Family and Protective Services ("DFPS") filed its petition to terminate Pool's parental rights to his daughter.[6] At the conclusion of the bench trial, the trial court found that DFPS "sustained its burden of proof in regards to the father on 161.001(1)(D) & (E)."[7] The trial court subsequently signed a decree, terminating Pool's parental rights to his daughter, on the following grounds:

8.1 The Court finds by clear and convincing evidence that termination of the parent-child relationship between [Pool] and the child ... is in the child's best interest.

8.2 Further, the Court finds by clear and convincing evidence that [Pool] has:

8.2.1 knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, pursuant to § 161.001(1)(D) of the Texas Family Code;[8]

8.2.2 engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to § 161.001(1)(E) of the Texas Family Code[.][9]

## Statement of Points

■■■ As a preliminary matter, DFPS[10] contends that this Court "may not

---

3. *Id.* § 161.001(1)(E) (Vernon Supp.2006).

4. *Id.* § 161.001(2) (Vernon Supp.2006).

5. Although the notice of appeal was untimely filed, it was filed within the 15–day period in which parties may file a motion to extend time to file a notice of appeal. TEX.R.APP. P. 26.3. Accordingly, we implied a motion to extend time to file the notice of appeal. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). Appellant also filed a reasonable explanation for the late filing of the notice of appeal, which we accepted. *See Jones v. City of Houston,* 976 S.W.2d 676, 677 (Tex.1998). Therefore, we have jurisdiction over this appeal.

6. The motion filed by DFPS requested termination of the parental rights of both Pool and the child's mother, Tiffany Ann Zimmerman. Zimmerman is not a party to this appeal.

7. *See* TEX. FAM.CODE ANN. § 161.001(1)(D)-(E).

8. *Id.* § 161.001(1)(D).

9. *Id.* § 161.001(1)(E).

10. Pool's brief was filed on June 19, 2006, and DFPS's brief was due on July 10, 2006. DFPS filed its untimely brief on July 13, 2006, contemporaneously with an unopposed motion for extension of time to file its brief. In termination of parental rights appeals, briefing extensions may be granted only on a showing of good cause. *See* TEX. FAM.CODE ANN. § 263.405(h) (Vernon Supp.2006) ("Except on a showing of good cause, the appellate court may not extend the time for filing a[n] ... appellate brief."). In its motion for extension, DFPS asserted that there was good cause for an extension "because despite the undersigned attorney's best efforts in trying to complete appellee's brief by the deadline the undersigned attorney has been unable to do so in the face of other competing deadlines." DFPS's attorney stated that since June 19, 2006, she "ha[d] been required to prepare numerous items for filing in the appellate courts" including an appellee's brief and a motion for en banc reconsideration as well as a motion for rehearing in the Texas Supreme Court. DFPS further stated that "[w]ith the competing demands from the aforementioned

consider [Pool's] issues because none of those issues were specifically presented to the trial court in a timely filed statement of the points as required by [s]ection 263.405 of the [Texas] Family Code." *See* Tex. Fam.Code Ann. § 263.405 (Vernon Supp.2006). Because Pool did not timely file a statement of points, we are bound to resolve this appeal on a statutorily mandated basis without addressing the merits of any of the issues Pool raises in his appellate brief. *See In re D.A.R.*, 201 S.W.3d 229, 231 (Tex.App.-Fort Worth 2006, no pet.); *In re E.A.R.*, 201 S.W.3d 813, 813–14 (Tex.App.-Waco 2006, no pet.); *In re S.E.*, 203 S.W.3d 14, 15 (Tex.App.-San Antonio 2006, no pet.).

Section 263.405(b) of the Texas Family Code requires an appellant to file, not later than the 15th day after the date a final termination order is signed, "a statement of the point or points on which, the party intends to appeal." Tex. Fam.Code Ann. § 263.405(b) (Vernon Supp.2006). This statement of points may also be combined with a motion for new trial. *Id.* The record before us contains no statement of points on appeal, either standing alone or combined with a motion for new trial.

The Legislature added a new subsection to section 263.405, effective for appeals filed after September 1, 2005, which states:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

*Id.* § 263.405(i) (Vernon Supp.2006).

Here, the decree was signed on October 24, 2005, and the notice of appeal was filed on November 28, 2005. Thus, section 263.405(i) applies to this appeal. When no statement of points exists, under the express terms of the statute, there is no contention of error that can be raised that we may consider on appeal. *Id.* Accordingly, we hold that we cannot consider the issues concerning the sufficiency of the evidence supporting the termination decree under section 161.001(1)(D)-(E) that Pool attempts to raise in his brief.[11]

matters, the undersigned attorney has been unable to prepare and complete the appellee's brief in this case by the deadline." We note that a showing of good cause requires more than a reasonable explanation and that general allegations of workload, standing alone, do not constitute good cause for an extension. *In re J.I.*, 156 S.W.3d 651, 652 (Tex.App.-Fort Worth 2005, order). However, "[i]n limited situations, for very limited periods of time," workload will constitute "good cause" justifying an extension to file a brief. *Id.* Given the exceptional workload of DFPS's attorney and the fact that her brief was actually on file with the Court within three days of the deadline, we grant DFPS's motion for extension of time to file its brief.

11. In reaching our holding, we join the Fort Worth Court of Appeals and Justice Vance of the Waco Court of appeals "in questioning the practical applications and constitutional validity of this statute," but we also agree that we simply "are barred by the legislature" from considering Pool's issues. *See In re D.A.R.*, 201 S.W.3d at 230–31 (noting that legislature has mandated that indigent parents receive appointed counsel and that Texas Supreme Court has held that this "statutory right to counsel in parental-rights termination cases embodies the right to effective counsel"; further noting "that, unlike their counterparts in criminal cases, for whom the legislature has specifically provided an avenue of adequate relief through a writ of habeas corpus if trial counsel was ineffective but did not preserve the issue for appeal, parents in these cases who allege ineffective assistance of counsel apparently have no recourse other than direct appeal by which to overturn the trial court's judgment severing forever the ties

In his motion for rehearing, appellant generally contends that our holding precludes him from asserting his "right to appeal the judgment of the trial court terminating his parental rights." He notes that his appellate counsel was not appointed to represent him until after the deadline for filing a statement of points had passed. Appellant also notes that his trial counsel did not file a statement of points or a new trial motion.

Here, however, appellant has not asserted that his trial counsel effectively abandoned him after the trial court signed its judgment, nor has he made any argument that his trial counsel provided ineffective assistance in not filing a statement of points or a new trial motion. *See Ex parte Axel,* 757 S.W.2d 369, 374 (Tex.Crim. App.1988) (holding that "trial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal" and finding that "presumptively indigent applicant did not receive any practical assistance of counsel in protecting and preserving his appellate rights"); *Ward v. State,* 740 S.W.2d 794, 800 (Tex. Crim.App.1987) (holding that appellant had been denied his right to effective assistance of counsel on appeal in violation of his due process rights under the Four-

teenth Amendment and the Texas Constitution[12] when appellant "as a practical matter received *no* assistance as to the substantive issues that may be presented on appeal" and remanding case to court of appeals with "instructions to abate the appeal" and resetting "all applicable appellate time limits on appeal"). Appellant's general assertions regarding the appointment of his appellate counsel do not compel the conclusion that he was precluded from exercising his right to appeal.

### Conclusion

We affirm the decree of the trial court.

---

with their children"); *In re E.A.R.,* 201 S.W.3d at 816 (Vance, J., concurring) ("I thus question whether subsection 263.405(i), as applied to certain termination cases-especially those cases involving indigent parents whose appointed appellate counsel is not the same as appointed trial counsel-passes constitution-

al muster because it can operate to deprive appellate review of any issues under its accelerated timetable.").

12. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.