222 S.W.3d 661 (2007)
In the Interest of J.W.H. and C.B.K., Children.
No. 10-06-00083-CV.
Court of Appeals of Texas, Waco.
March 21, 2007.
Earl L. Pryor, Conroe, Tracy M. Sorensen, Huntsville, for appellant/relator.
Robert K. Conlon, Dept. of Family & Protective Services, Houston, C. Patrice Savage, Dept. of Family & Protective Services, Longview, appellee/respondent.
John C. Lockwood, Conroe, for other.
Leslie G. Hardy, Huntsville, for ad litem.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION
FELIPE REYNA, Justice.
Appellant Lisa Herrington appeals from the order terminating the parent-child relationship between her child C.B.K. and herself.[1] In four issues, Herrington contends that the evidence is legally and factual insufficient to support an affirmative finding under Family Code section 161.001(1)(D) or (E); that the evidence is legally and factually insufficient to support a finding that termination is in the best interest of the child; and that the State erred by failing to provide a family service plan. We will affirm the judgment.
*662 We turn first to the State's contention that Herrington's statement of points of appeal, though timely filed, does not comply with section 263.405(i), which requires an appellate court to consider only those issues which are "specifically presented" to the trial court in a statement of points or motion for new trial. TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2006). The provision requires more than a statement that the trial court's decision is based on legally or factually insufficient evidence. Id. The purpose of this section, as the legislative history indicates, is to decrease post-judgment delay in termination cases. HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES BILL ANALYSIS, Tex. H.B. 409, 79th Leg., R.S. (2005). The section is intended to "conclusively establish that the Legislature expects litigants to comply with Section 263.405(b) of the Family Code." Id.
The statement of the points of appeal Herrington filed with the trial court outlines four issues complaining of the trial court overruling trial objections, admitting hearsay testimony, not holding the State to its burden of proof, and "any other points of error that occurred during the trial." Herrington's appellate brief makes no mention of overruled trial objections or hearsay testimony. The only statement in Herrington's points of appeal that appears to raise the issues of legal and factual sufficiency states that the State "did not meet the burden of proof at trial required for the termination of [Herrington's] parental rights to her child the subject of this suit." The statement is not sufficient to draw the trial judge's attention to any specific erroneous findings in order to correct those findings. See TEX. FAM.CODE ANN. § 263.405(i); see also HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES BILL ANALYSIS, Tex. H.B. 409, 79th Leg., R.S. ("[c]ompliance, as the Legislature intended, would correct any wrongs 30 days after trial, as opposed to extending reversals months or years after a trial.").
The requirements of section 263.405 do not negate the jurisdiction of the appellate court. In re T.A.C.W., 143 S.W.3d 249, 250-51 (Tex.App.-San Antonio 2004, no pet.). The lack of a specific statement of the points of appeal, as in this case, results in no issues being preserved for appellate review. See TEX.R.APP. P. 33.1; see also In re E.A.R., 201 S.W.3d 813 (Tex.App.-Waco 2006, no pet.); In re A.C.A., No. 13-05-00610-CV, 2006 WL 1172331, 2006 Tex.App. LEXIS 3759 (Tex. App.-Corpus Christi May 4, 2006, no pet.) (mem.op.).
Having failed to preserve any issues for appellate review, Herrington's issues are overruled, and the judgment of the trial court is affirmed.[2]
Chief Justice GRAY concurs with opinion.
*663 TOM GRAY, Chief Justice, concurring.
Many of the concerns expressed by the majority and some other courts, including concerns over how to raise an ineffective assistance of counsel claim on appeal, could be alleviated, if not eliminated, by a wider perspective and more timely disposition when insufficient points are filed, or when no points at all are timely filed.
If we would not wait for the briefs, as we consistently do when points are untimely or not filed at all, the appellant would still have time to file a petition for writ of habeas corpus or other direct or collateral attack under Texas Family Code section 161.211(a). TEX. FAM.CODE ANN. § 161.211(a) (Vernon 2002). This same writ could be used either independently or concurrently with a direct appeal to assert the ineffective assistance of trial counsel.
In an appeal where it is apparent that the points asserted are vague or may be insufficient, as in this appeal, we should send a notice to appellant immediately, admonishing the appellant that the issues must comport with the points as filed. This may cause appellant's counsel to recognize more quickly the need to proceed with a petition for writ of habeas corpus, or possibly pursue it simultaneously with a direct appeal in the event the direct appeal is unsuccessful.
Further, we need to process this type of case not just as an accelerated appeal, but as a preferential appeal, so that we dispose of them sooner. This appeal was ready to be decided on July 10, 2006. If it had been promptly decided, the deadline within which to file a proceeding under Texas Family Code section 161.211(a) would not have expired before we issued our judgment.
I recognize that civil lawyers may not be familiar with habeas corpus proceedings and there is limited case authority to guide them. But it appears to be the proceeding to provide the ultimate fail-safe procedure to protect the concerns over due process which have been voiced by my colleagues. I understand their concerns. I share their general concern. But I also appreciate the interest the legislature is balancing. The child has a huge interest in a stable home environment, which is just one of the many interests the State is trying to balance with the rights of the parent.
Accordingly, I cannot join the majority opinion because of the inclusion of footnote 2. I, nevertheless, join the remainder of the opinion and, therefore, concur in the judgment.
NOTES
[1] Herrington voluntary relinquished parental rights to J.W.H. before trial and appeals the termination order only as to C.B.K.
[2] The plain language of this statute compels the result reached in this case. Nonetheless, we join our sister courts in expressing concern over the practical application and the constitutionality of this statute. See Pool v. Tex. Dep't of Family & Protective Servs., No. 01-05-01093-CV, ___ S.W.3d ___, 2007 WL 624556, 2006 Tex.App. LEXIS 10654 (Tex. App.-Houston [1st Dist.] Dec. 14, 2006, no pet. h.) (mem.op.); In re D.A.R., 201 S.W.3d 229, 230-31 (Tex.App.-Fort Worth 2006, no pet.); In re C.R., No. 02-06-099-CV, 2006 WL 3114468, 2006 Tex.App. LEXIS 9571 (Tex. App.-Fort Worth Nov. 2, 2006, no pet. h.) (mem.op.) (Livingston, J., concurring); In re S.E., 203 S.W.3d 14, 15 (Tex.App.-San Antonio 2006, no pet.); In re H.H.H., No. 06-06-00093-CV, 2006 WL 2820063, 2006 Tex.App. LEXIS 8563 (Tex.App.-Texarkana Oct. 4, 2006, no pet.) (mem.op.); In re N.L.G., No. 06-06-00066-CV, 2006 WL 3626956, 2006 Tex.App. LEXIS 10623 (Tex.App.-Texarkana Dec. 14, 2006, no pet. h.) (mem.op.); see also In re E.A.R., 201 S.W.3d 813, 814, 818 (Tex. App.-Waco 2006, no pet.)(Vance, J., concurring).

Termination of parental rights is a drastic remedy of constitutional magnitude. In re J.W.T., 872 S.W.2d 189, 194-95 (Tex.1994); Spangler v. Texas Dep't. of Protective & Regulatory. Servs., 962 S.W.2d 253, 256 (Tex.App.-Waco 1998, no pet.). The Supreme Court of the United States has recognized that parental-rights termination cases are to be governed by the requisites of the Due Process Clause. Santosky v. Kramer, 455 U.S. 745, 752, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982). The accelerated time for appeal and filing of a specific statement of point of appeals with the trial court are a substantial burden on indigent parents seeking to appeal a termination order. See E.A.R., 201 S.W.3d at 816-17(Vance, J. concurring); In re S.J.G., 124 S.W.3d 237, 240-43 (Tex.App.-Fort Worth 2003, pet. denied).