218 S.W.3d 863 (2007)
In the Interest of R.M.R., a Child.
No. 13-06-351-CV.
Court of Appeals of Texas, Corpus Christi-Edinburg.
March 22, 2007.
John A. George, Victoria, for appellant.
Julie Hale, Victoria, for ad litem.
Stephen Bret Tyler, Dist. Atty., Michael M. Kelly, Asst. Dist. Atty., Victoria, for state.
Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

OPINION
Opinion by Justice RODRIGUEZ.
This appeal arises from the termination of the parental rights of appellant, the mother of R.M.R. By five issues, appellant contends that (1) her due process rights were violated because she was not provided forty-five days notice of the final hearing on termination, (2) the evidence is insufficient to support any ground of termination and to support that termination was in the child's best interest, and (3) counsel provided ineffective assistance. We affirm.
Section 263.405 of the Texas Family Code makes parental-termination appeals subject to the procedures provided in that section. See Tex. Fam.Code Ann. § 263.405 (Vernon Supp.2006). Effective for appeals like this one filed after September 1, 2005, section 263.405 provides in relevant part:
(b) Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for a new trial.
* * *
(i) The appellate court may not consider any issue that was not specifically presented *864 to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.
Id. § 263.405(b), (i).
In this case, the final order terminating appellant's parental rights was signed on May 8, 2006, and the notice of appeal was timely filed. However, the clerk's record contains no statement of points to be raised on appeal. We have contacted the district clerk's office, and no such statement, either standing alone or with a motion for new trial, was found in the district clerk's record. Under the express terms of the statute, because appellant did not file a statement of points, we cannot consider her issues on appeal, even ineffective assistance of counsel. See id. § 263.405(i); In re D.A.R., 201 S.W.3d 229, 230-31 (Tex. App.-Fort Worth 2006, no pet.); see also In re J.H., No. 12-06-00002-CV, 2007 Tex. App. LEXIS 407, at *2, 2007 WL 172105, at *1 (Tex.App.-Tyler, Jan. 24, 2007, no pet.) (mem. op., designated for publication); Cisneros v. Tex. Dep't of Family & Protective Servs., No. 13-06-321-CV, 2006 Tex.App. LEXIS 11121, at *3, 2006 WL 3824939, at *1, (Tex.App.-Corpus Christi Dec. 29, 2006, no pet.) (mem.op.) ("where the statement of points is not sufficiently specific, the issues have not been preserved for appeal").
In reaching our holding above, we join the Fort Worth Court of Appeals, Justice Vance of the Waco Court of Appeals, and the Houston First District Court of Appeals in questioning the practical applications and constitutional validity of this statute, but agree that we are barred by the legislature from considering appellant's issues. See In re D.A.R., 201 S.W.3d at 230-31 (noting that the legislature has mandated that indigent parents receive appointed counsel and that the Texas Supreme Court in In re M.S., 115 S.W.3d 534, 544 (Tex.2003), has held that this "statutory right to counsel in parental-rights termination cases embodies the right to effective counsel"; further noting "that, unlike their counterparts in criminal cases, for whom the legislature has specifically provided an avenue of adequate relief through a writ of habeas corpus if trial counsel was ineffective but did not preserve the issue for appeal, parents in these cases who allege ineffective assistance of counsel apparently have no recourse other than direct appeal by which to overturn the trial court's judgment severing forever the ties with their children"); In re E.A.R., 201 S.W.3d 813, 816 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring) ("I thus question whether subsection 263.405(i), as applied to certain termination cases-especially those cases involving indigent parents whose appointed appellate counsel is not the same as appointed trial counsel-passes constitutional muster because it can operate to deprive appellate review of any issues under its accelerated timetable."); see also Pool v. Tex. Dep't of Family & Protective Servs., No. 01-05-01093-CV, 2007 Tex.App. LEXIS 1576, at *7 n. 11, 2007 WL 624556, at *3 n. 11 (Tex.App.-Houston [1st Dist.] Mar. 1, 2007, no pet.) (same).
Accordingly, we affirm the judgment of the trial court.