NO. 07-06-0444-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2007

_____

IN THE INTEREST OF R.C. AND R.C.C., JR., MINOR CHILDREN

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-527,727; HONORABLE KEVIN C. HART, ASSOCIATE JUDGE PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Chetra Fulcher brings this accelerated appeal of the trial court's order terminating her parental rights and appointing the Texas Department of Family and Protective Services ("DFPS") as permanent managing conservator. In three issues, Fulcher contends (1) the trial court erred when it determined the appeal was frivolous, (2) she was denied effective assistance of counsel, and (3) the evidence supporting the termination was not clear and convincing. For reasons that follow, we affirm.

The appeal of a final order rendered under Subchapter E of Chapter 263 of the Texas Family Code is governed by the rules of the Supreme Court for accelerated appeals in civil cases and by the procedures set forth in that chapter.[1] A final order terminating the relationship between a parent and child and appointing DFPS as permanent managing conservator is an order rendered under Subchapter E of Chapter 263. Therefore, the accelerated appeal of the order in this case is governed by the procedures set forth in Chapter 263.

Chapter 263 of the Texas Family Code requires a party intending to appeal a final order rendered under Subchapter E to file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal.[2] The statement of points may be filed separately or it may be combined with a motion for new trial.[3] The failure to timely file a statement of points does not deprive the appellate court of jurisdiction over the appeal; however, it is necessary to preserve a point for review on appeal.[4]

---

[1]Tex. Fam. Code Ann. § 263.405(a)(Vernon Supp. 2006).

[2]§ 263.405(b).

[3]*Id.*

[4]*Coey v. Tex. Dep't. of Family and Protective Services,* No. 03-05-0679-CV, 2006 Tex. App. LEXIS 4325 (Tex.App.–Austin May19, 2006, no pet.)(not designated for publication); *In re S.E.,* 203 S.W.3d 14, 15 (Tex.App.–San Antonio, no pet.)

In 2005, in response to what it perceived as judicial activism, the Texas Legislature enacted § 263.405(i), effective for appeals filed after September 1, 2005, which provides:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial.  For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

While several of our sister courts have questioned the practical application and constitutional validity of this statute,[5] particularly in the context of a claim raising the issue of ineffective assistance of court-appointed trial counsel, every appellate court called upon to address this question has agreed that the clear language of the statute prohibits appellate courts from considering points not properly preserved by the timely filing of a statement of points.[6]  We recognize the application of this statutory limitation to the right

---

[5]*In re R.M.R.,* No. 13-06-0351-CV, 2007 Tex. App. LEXIS 2181, *3 (Tex.App.–Corpus Christi March 22, 2007, no pet.); *Pool v. Tex. Dep't. of Family & Protective Services,* No. 01-05-1093-CV, 2007 Tex. App. LEXIS 1576, *7 (Tex.App.–Houston [1st Dist.] March 1, 2007, no pet.); *In re D.A.R.,* 201 S.W.3d 229, 231 (Tex.App.–Fort Worth 2006, no pet.); *In re E.A.R.,* 201 S.W.3d 813, 814 (Tex.App.–Waco 2006, no pet.)(Vance, J., concurring)

[6]*In re J.W.H.,* No. 10-06-0083-CV, 2007 Tex. App. LEXIS 2340 (Tex.App.–Waco, March 21, 2007, no pet.); *In re J.F.R.,* No. 09-06-0115-CV, Tex. App. LEXIS 1727 (Tex.App.–Beaumont March 8, 2007, no pet.); *In re J.H.,* No. 12-06-0002-CV, 2007 Tex. App. LEXIS 407 (Tex.App.–Tyler January 24, 2007, no pet.)(not designated for publication)*;  In re K.R.,* No. 09-06-0056-CV, 2007 Tex. App. LEXIS 300 (Tex.App.–Beaumont Jan. 18, 2007, no pet.h.);  *In re C.B.M.* No. 08-06-0136-CV, 2006 Tex. App. LEXIS 10716 (Tex.App.–El Paso Dec. 14, 2006, no pet.); *In re H.H.H.,* No. 06-06-0093-CV (Tex.App.–Texarkana October 4, 2006, no pet.)(not designated for publication); *Coey v. Tex. Dep't of Family & Protective Services,* No. 03-05-0679-CV, 2006

of appeal can have harsh results. Parties seeking review of claims pertaining to the ineffective assistance of court-appointed trial counsel may find it particularly difficult to preserve those points. We recognize that in such situations a complaining party, unlike her criminal counterpart, has no recourse through a statutory writ of habeas corpus.[7] Nevertheless, we do not believe that it is an appropriate function of this Court to create a means of recourse by fabricating an interpretation that would expand the legislatively created procedures for perfection of a statutorily-created right of appeal. To do so would amount to blatant legislating from the bench.[8]

The final order in this case was signed on October 6, 2006. Fulcher's trial counsel filed a motion for new trial, which purports to contain a combined statement of points, on November 6, 2006. Because Fulcher did not timely file her statement of points, she did not preserve those points for appeal. Accordingly, we cannot consider any of the issues Fulcher has raised, including the allegation that her counsel was ineffective by failing to

---

Tex. App. LEXIS 4325 (Tex.App.–Austin May 19, 2006, no pet.)(not designated for publication); *In re S.E.,* 203 S.W.3d 14 (Tex.App.–San Antonio 2006, no pet.); *In re C.M.,* 208 S.W.3d 89 (Tex.App.–Houston [14th Dist.], 2006, no pet.); *see also In re R.M.R.,* No. 13-06-351-CV, 2007 Tex. App. LEXIS 2181, *3 (Tex.App.–Corpus Christi March 22, 2007, no pet.); *Pool v. Tex. Dep't. of Family & Protective Services,* No. 01-05-1093-CV, 2007 Tex. App. LEXIS 1576, *7 (Tex.App.–Houston [1st Dist.] March 1, 2007, no pet.); *In re D.A.R.,* 201 S.W.3d 229, 231 (Tex.App.–Fort Worth 2006, no pet.); *In re E.A.R., E.A.R., and I.D.A.,* 201 S.W.3d 813, 814 (Tex.App.–Waco 2006 no pet.)(Vance, J., concurring).

[7]In so ruling, we express no opinion as to whether an aggrieved party would be entitled to common law relief through a *writ of habeas corpus* or a *writ of error coram nobis*.

[8]*See Turner v. Cross,* 83 Tex. 218, 18 S.W. 578, 579 (1892).

4

timely file a statement of points on appeal raising ineffective assistance of counsel.  We

affirm the trial court's order.


                                        Patrick A. Pirtle
                                          Justice

Quinn, C.J., concurring.