Opinion filed September 27, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed September
27, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00068-CV 

                                                    __________

 

                              IN THE INTEREST OF F.C.G., A CHILD

 



 

                                          On
Appeal from the 90th District Court

 

                                                       Stephens County, Texas

 

                                                   Trial
Court Cause No. 28,954

 



 

                                              M
E M O R A N D U M   O P I N I O N

The
trial court terminated the parent-child relationship between F.C.G. and Jesse
Guerrero and TamaraWalsh a/k/a Tamara Guerrero.  The trial court found that
termination was in the child=s
best interest, that the Guerreroes had engaged in conduct which endangered the
child=s physical or
emotional well-being, that they had failed to comply with the terms of a court-approved
service plan,  and that Jesse Guerrero had constructively abandoned the child. 
The Guerreroes challenge this ruling with one issue, contending that the
evidence was insufficient.  We affirm.








The
Department of Family and Protective Services filed suit to terminate the
Guerreroes= parental
rights.  The Guerreroes waived a jury and the trial court conducted a bench
trial.  Following trial, the court terminated the Guerreroes= parental rights.  They
filed a notice of appeal and requested findings of fact and conclusions of law,
but they did not file a statement of the points on which they intended to
appeal as required by Tex. Fam. Code
Ann. '
263.405(b) (Vernon Supp. 2006).  The trial court conducted what it described as
a Section 263.405 hearing and entered an order finding that the Guerreroes were
indigent and that their appeal was not frivolous.

The
Department contends that, because the Guerreroes did not file a statement of
points, we may not consider their factual insufficiency issue.  We agree.  When
a trial court signs a final order for a child under department care, a party
who wishes to appeal that order must file a statement of the point or points on
which they intend to appeal with the trial court and must do so within fifteen
days of the date of the final order.  Section 263.405(b).  

Because
no statement of points was filed, the Guerreroes have failed to preserve their
complaints for appellate review.  Tex.
Fam. Code Ann. '
263.405(i) (Vernon Supp. 2006); In re M.N., 230 S.W.3d 248 (Tex. App.CEastland 2007, pet. filed);
In re T.T., 228 S.W.3d 312 (Tex. App.CHouston
[14th Dist.] 2007, pet. denied); In re J.W.H., 222 S.W.3d 661 (Tex. App.CWaco 2007, no pet.); In
re D.A.R., 201 S.W.3d 229 (Tex. App.CFort
Worth 2006, no pet.).  The sole issue is overruled.

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

September 27,
2007

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.