NO. 07-07-0032-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 11, 2007
_____

IN THE INTEREST OF K.C.B., A CHILD
_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 6951; HONORABLE DAVID MCCOY, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

This is an accelerated appeal of a trial court's order terminating the parental rights between appellant, Angela Melton Brown, and K.C.B., her infant daughter. Appellant asserts error in a number of particulars; however, for the reasons set forth below, we affirm.

Procedural and Factual Background

Appellee, the Texas Department of Protective and Regulatory Services (Department) took custody of K.C.B. on December 9, 2004. On March 21, 2006, Associate Judge Phil N. Vanderpool tried the lawsuit. Judge Vanderpool entered an order of

termination of appellant's parental rights on March 31, 2006.   On April 3, 2006, appellant filed a Notice of Appeal To Referring Court.  Subsequently, on April 19, 2006, appellant filed a Statement of Points Of Error To Be Relied On By Appellant On Appeal.  Then on May 2, 2006, a trial *de novo* was conducted by the referring court.  The referring court, the trial court below, signed its Order of Termination on December 18, 2006, and the termination order was filed of record on December 21, 2006.  Appellant filed a notice of appeal to this court on January 2, 2007.  No motion for new trial or Statement of Points Of Error To Be Relied On By Appellant On Appeal was filed before the referring court. Appellant has set forth ten points of error that may be grouped into complaints about the denial of a jury trial, the referring court's use of the record from the associate judge's trial, the admission of the meconium drug test, the factual sufficiency of the evidence and the legal sufficiency of the evidence.

## Analysis

However, before we may address any of the contentions of appellant, we must determine if they are properly before this court.  This appeal is governed by the rules of the Supreme Court regarding accelerated appeals and the procedures set forth in Subchapter E of Chapter 263 of the Texas Family Code.  TEX. FAM. CODE ANN. § 263.405(a) (Vernon Supp. 2006).[1]  The Department was named as the managing conservator of K.C.B. in the trial court's final order.  As such, this order is an order pursuant to Subchapter E, Chapter 263.  Accordingly, any appeal of this final order must comply with the terms of Chapter 263.

---

[1]Further reference to the Texas Family Code will be by reference to § ___.

Chapter 263 requires that a statement of points on which the party intends to appeal be filed with the trial court not later than the 15th day after the trial court enters the final order. § 263.405(b). The statement may be combined with a motion for new trial. Id. Finally, the statute provides that the appellate court may not consider any issues not contained within the referenced statement of points or in conjunction with the motion for new trial. § 263.405(i).

Applying this statutory scheme to the current situation results in the inability of this court to consider any of the issues raised by appellant. The only statement of points for consideration on appeal was filed, not after the final order was entered but rather, after the associate judge's order was entered. Subsequently, appellant requested and received a trial *de novo* by the referring court. The final order was then entered by the referring court on December 21, 2006. There was never a statement of points to be relied upon on appeal filed after the referring court's final order. Therefore, we may not consider any of appellant's issues on appeal. In re R.M.R., 218 S.W.3d 863, 864 (Tex.App.–Corpus Christi 2007, no pet.). For us to consider the points raised by appellant in the April 19, 2006, Statement of Points would require that we significantly deviate from the current statute. We are not free to do so. See In re R.C., No. 07-06-0444-CV, 2007 WL 1219046, at *1 n.8 (Tex.App.–Amarillo April 25, 2007, no pet.), citing Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 579 (1892).

We again join our sister appellate courts in pointing out the harshness of this procedure. It has once again denied a parent a meaningful right of appeal and needs to be addressed by the legislature.

3

For the foregoing reasons the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice