NUMBER 13-07-00438-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 



IN THE INTEREST OF F.A. AND D.B., MINOR CHILDREN


 

_____________________________________________________________


On Appeal from the 36th District Court 


of San Patricio County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion Per Curiam


 Appellant, Ramon Aguilera, seeks to appeal a judgment signed on February 27,
2007, terminating his parental rights. Upon review of the clerk's record, the Clerk of this
Court notified appellant that it appeared that (1) the notice of appeal was untimely, and (2)
the record failed to contain a statement of points as required by the Texas Family Code. 
See Tex. Fam. Code Ann. § 263.405(b) (Vernon Supp. 2006). The Clerk instructed
appellant that, if these defects were not cured within ten days from the date of receipt of
that notice, the appeal would be dismissed. In response to this directive, appellant has
filed a supplemental clerk's record including a statement of points filed on July 25, 2007.

 A timely notice of appeal invokes this Court's jurisdiction. See Tex. R. App. P. 25.1,
26.1; Garza v. Hibernia Nat. Bank, 227 S.W.3d 233 (Tex. App.-Houston [1st Dist.] 2007,
no pet.). Notice of appeal of a judgment which terminates the parent-child relationship, as
an accelerated appeal, Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a) (Vernon Supp.
2006), must be given within twenty days after the judgment or order is signed. Tex. R. App.
P. 26.1(b). A motion for extension of time to file the notice of appeal is necessarily implied
when an appellant, acting in good faith, files a perfecting instrument beyond the time
allowed, but within the fifteen-day period within which the appellant would be entitled to
move to extend the filing deadline. Verburgt v. Dorner, 959 S.W.2d 615, 616-617 (Tex.
1997). However, appellant must provide a reasonable explanation for the late filing: it is
not enough to simply file a notice of appeal. Id.; Woodard v. Higgins, 140 S.W.3d 462, 462
(Tex. App.-Amarillo 2004, no pet.); In re B.G., 104 S.W.3d 565, 567 (Tex. App.-Waco
2002, no pet.).

 Appellant filed a notice of appeal on March 23, 2007, twenty-four days after the
court signed the termination decree. Therefore, the notice of appeal is untimely. See Tex.
Fam. Code Ann. § 263.405(a) (Vernon Supp. 2006); Tex. R. App. P. 26.1(b). Although
appellant filed the notice of appeal within fifteen days after it was due, and thus, the Court
must imply a motion for extension of time to file the notice of appeal, appellant has failed
to provide this Court with a reasonable explanation, or any explanation at all, for the late
filing. See Verburgt, 959 S.W.2d at 615; Tex. R. App. P. 26.3, 10.5(b)(1)(C). Accordingly,
we lack jurisdiction over this appeal.

 We further note that, even if we had obtained jurisdiction over this appeal, section
263.405(b) of the Texas Family Code requires an appellant to file, not later than the
fifteenth day after a final order is signed, a statement "of the point or points on which the
party intends to appeal." Tex. Fam. Code Ann. § 263.405(b) (Vernon Supp. 2006). An
appellate court may not consider any issue that was not specifically presented to the trial
court in a timely filed statement of the points on which the party intends to appeal. See id.
§ 263.405(i) (Vernon Supp. 2006). 

 Here, the judgment was signed on February 27, 2007. The statement of points was
not filed until July 25, 2007, almost six months later. The statute is clear that a party who
does not file a statement of the points on appeal within fifteen days does not preserve any
issues for appeal. Tex. Fam. Code Ann. § 263.405(i); In re R.M.R., 218 S.W.3d 863, 864
(Tex. App.-Corpus Christi 2007, no pet.); In re M.N., 230 S.W.3d 248, 249 (Tex.
App.-Eastland 2007, pet. filed); In re T.T., 228 S.W.3d 312 (Tex. App.-Houston [14th Dist.]
2007, pet. denied); In re J.W.H., 222 S.W.3d 661 (Tex. App.-Waco 2007, no pet.); In re
D.A.R., 201 S.W.3d 229 (Tex. App.-Fort Worth 2006, no pet.). In a situation such as this,
where the statement of points was untimely filed, under the express terms of the statute,
there is no contention of error that can be raised that we may consider on appeal. In re
R.M.R., 218 S.W.3d at 864. 

 In accordance with the Court's previous directive, and given the untimeliness of the
notice of appeal, we DISMISS the appeal for want of jurisdiction. See Tex. R. App. P.
42.3(a)(c).

 PER CURIAM

Memorandum Opinion delivered and

filed this the 8th day of November, 2007.