NUMBER 13-07-172-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

_________________________________________________________ 

 

IN THE INTEREST OF B.M.O. AND J.L.O., MINOR CHILDREN 

________________________________________________________ 


On appeal from the 36th District Court 

of Bee County, Texas.

________________________________________________________ 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Benavides

Memorandum Opinion Per Curiam


 Lisa Marie Oliver has filed an appeal from the termination of her parental rights to
minor children, B.M.O., and J.L.O. We affirm.

 Section 263.405(b) of the Texas Family Code requires an appellant to file, not later
than the fifteenth day after a final order is signed, a statement "of the point or points on
which the party intends to appeal." Tex. Fam. Code Ann. § 263.405(b) (Vernon Supp.
2006). The Legislature added a new subsection, effective for appeals filed after
September 1, 2005, which provides that the "appellate court may not consider any issue
that was not specifically presented to the trial court in a timely filed statement of the points
on which the party intends to appeal . . . ." See id. § 263.405(i) (Vernon Supp. 2006). 

 The clerk's record, filed in this Court on May 15, 2007, fails to contain a statement
of points on appeal. On November 9, 2007, the Clerk of this Court notified appellant that
the record before the Court lacked a statement of points and directed appellant to correct
this defect, if such could be done, within ten days from the date of that notice. Appellant
has failed to respond to this directive. Appellant has also failed to respond to notices
regarding her failure to file a docketing statement, request a reporter's record, or file a
timely brief in this matter. (1)

 The statute is clear that a party who does not file a statement of the points on
appeal within fifteen days does not preserve any issues for appeal. Tex. Fam. Code Ann.
§ 263.405(i); In re R.M.R., 218 S.W.3d 863, 864 (Tex. App.-Corpus Christi 2007, no pet.);
In re M.N., 230 S.W.3d 248, 249 (Tex. App.-Eastland 2007, pet. filed); In re T.T., 228
S.W.3d 312 (Tex. App.-Houston [14th Dist.] 2007, pet. denied); In re J.W.H., 222 S.W.3d
661 (Tex. App.-Waco 2007, no pet.); In re D.A.R., 201 S.W.3d 229 (Tex. App.-Fort Worth
2006, no pet.).

 In a situation such as this, where no statement of points exists, under the express
terms of the statute, there is no contention of error that can be raised that we may consider
on appeal. In re R.M.R., 218 S.W.3d at 864. Accordingly, we affirm the judgment of the
trial court.

 PER CURIAM

Memorandum Opinion delivered and filed

this the 10th day of January, 2008.
1. [1]The Court's notice was sent to appellant's last known forwarding address; however, the notice was
returned unclaimed and no response has been filed. The Court has sent other correspondence to appellant
which has also been returned as undeliverable. Texas Rule of Appellate Procedure 9.1(b) requires
unrepresented parties to sign any document filed and "give the party's mailing address, telephone number,
and fax number, if any." See Tex. R. App. P. 9.1(b). Appellant has neither provided this court with a
forwarding address nor taken any other action to prosecute this appeal.