NO. 07-07-0356-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 11, 2008

_____

IN THE INTEREST OF J.X.P. AND D.M., CHILDREN

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-503,708; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Elana Sneed, filed this accelerated appeal to challenge the trial court's order terminating her parental rights to her children J.X.P. and D.M and appointing the Texas Department of Family and Protective Services (DFPS) as permanent sole managing conservator. Presenting a sole issue, Sneed maintains the trial court abused its discretion and committed reversible error when it denied her Motion for Continuance of the final hearing and/or denied her Motion for New Trial when final disposition resulted in termination of her parental rights. We affirm.

An appeal of a final order rendered under subchapter E of chapter 263 of the Texas Family Code is governed by the rules of the Supreme Court for accelerated appeals in civil cases and by the procedures set forth in that chapter.[1] A final order terminating the relationship between a parent and child and appointing DFPS as permanent managing conservator is an order rendered under subchapter E of chapter 263. Therefore, the accelerated appeal of the order in this case is governed by the procedures set forth in Chapter 263.

Chapter 263 of the Texas Family Code requires a party intending to appeal a final order rendered under subchapter E to file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal.[2] The statement of points may be filed separately or it may be combined with a motion for new trial.[3] The failure to timely file a statement of points does not deprive the appellate court of jurisdiction over the appeal; however, it is necessary to preserve a point for review on appeal.[4]

---

[1]Tex. Fam. Code Ann. § 263.405(a)(Vernon Supp. 2006).

[2]§ 263.405(b).

[3]*Id.*

[4]*Coey v. Tex. Dep't. of Family and Protective Services,* No. 03-05-0679-CV 2006 WL 1358490, *1 (Tex.App.–Austin May 19, 2006, no pet.) (not designated for publication); *In re S.E.,* 203 S.W.3d 14, 15 (Tex.App.–San Antonio, no pet.)

In 2005, in response to what it perceived as judicial activism, the Texas Legislature enacted § 263.405(i), effective for appeals filed after September 1, 2005, which provides:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

While several of our sister courts have questioned the practical application and constitutional validity of this statute,[5] every appellate court called upon to address this question has agreed that the clear language of the statute prohibits appellate courts from considering points not properly preserved by the timely filing of a statement of points.[6]

---

[5]*In re R.M.R.*, 218 S.W.3d 863, 864 (Tex.App.–Corpus Christi 2007, no pet. h.); *Pool v. Tex. Dep't. of Family & Protective Services*, 227 S.W.3d 212, 215 (Tex.App.–Houston [1st Dist.] 2007, no pet.); *In re D.A.R.*, 201 S.W.3d 229, 231 (Tex.App.–Fort Worth 2006, no pet.); *In re E.A.R.*, 201 S.W.3d 813, 814 (Tex.App.–Waco 2006, no pet.)(Vance, J., concurring)

[6]*In re J.W.H.*, 222 S.W.3d 661, 662 (Tex.App.–Waco 2007, no pet.); *In re J.F.R.*, No. 09-06-0115-CV, 2007 WL 685640, *1 (Tex.App.–Beaumont March 8, 2007, no pet.); *In re J.H.*, No. 12-06-0002-CV, 2007 WL 172105, *1 (Tex.App.–Tyler Jan. 24, 2007, no pet.) (not designated for publication); *In re K.R.*, No. 09-06-0056-CV, 2007 WL 117738, *1 (Tex.App.–Beaumont Jan. 18, 2007, pet. denied); *In re C.B.M.*, 225 S.W.3d 703, 706 (Tex.App.–El Paso 2006, no pet.); *In re H.H.H.*, No. 06-06-0093-CV, 2006 WL 2820063, *1 (Tex.App.–Texarkana Oct. 4, 2006, no pet.) (not designated for publication); *Coey v. Tex. Dep't of Family & Protective Services,* No. 03-05-0679-CV, 2006 WL 1358490, *1 (Tex.App.–Austin May 19, 2006, no pet.) (not designated for publication); *In re S.E.,* 203 S.W.3d 14, 15 (Tex.App.–San Antonio 2006, no pet.); *In re C.M.*, 208 S.W.3d 89, 91-92 (Tex.App.–Houston [14th Dist.] 2006, no pet.). *See also In re R.M.R.*, 218 S.W.3d 863, 864 (Tex.App.–Corpus Christi 2007, no pet. h.); *Pool v. Tex. Dep't. of Family & Protective Services*, 227 S.W.3d 212, 215 (Tex.App.–Houston [1st Dist.] 2007, no pet.); *In re D.A.R.*, 201 S.W.3d 229, 231 (Tex.App.–Fort Worth 2006, no pet.); *In re E.A.R., E.A.R., and I.D.A.*, 201 S.W.3d 813, 814 (Tex.App.–Waco 2006 no pet.) (Vance, J., concurring).

We are cognizant that the natural right existing between a parent and child is of constitutional dimension. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). We are also aware that the application of this statutory limitation to the right of appeal can have harsh results. *In re R.C.*, No. 07-06-0444-CV, 2007 WL 1219046, at *1 (Tex.App.–Amarillo, April 25, 2007, no pet.). Nevertheless, we do not believe that it is an appropriate function of this Court to create a means of recourse by fabricating an interpretation that would expand the legislatively created procedures for perfection of a statutorily-created right of appeal. It is the duty of this Court to administer the law as it is written, and not to make the law. To do so would amount to blatant legislating from the bench.[7]

The final order in this case was signed on July 24, 2007. Sneed's trial counsel filed a motion for new trial; however, no statement of points was included in that motion. The deadline in which to file a timely statement of points was August 8, 2007. Sneed's failure to file a statement of points prohibits this Court from considering her issue that the trial court abused its discretion in denying her Motion for Continuance and her Motion for New Trial.

Accordingly, the trial court's order is affirmed.

Patrick A. Pirtle
Justice

_____

[7]*See Turner v. Cross,* 83 Tex. 218, 18 S.W. 578, 579 (1892).

4