In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-405 CV


____________________



IN THE INTEREST OF M.A.C.






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-060576-D






 MEMORANDUM OPINION


 This is an accelerated appeal of an involuntary termination of parental rights. Nicole
Ariel Carriker raises two issues challenging the trial court's termination order; Mark Anthony
Carriker raises one issue. 

 The Texas Department of Family and Protective Services ("Department") contends
that we may not consider appellants' issues because they were not presented to the trial court
as required by section 263.405(i) of the Texas Family Code in either a statement of points
or a motion for new trial. Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2007). In the
alternative, the Department argues that the issues set forth in appellants' notices of appeal,
if considered as substitutes for the required statement of points, are statutorily insufficient
to preserve the issues they now assert on appeal. We agree with the Department that if we
consider appellants' notices of appeal as substitutes for the statements of points, the
allegations contained within the notices of appeal are insufficient to preserve any error. 
Therefore, we affirm the trial court's judgment.

Background


 The Department filed its original petition against Nicole and Mark in June of 2006. 
After a jury found that appellants' parental rights should be terminated, the trial court signed
its termination order on July 27, 2007.

 On August 9, 2007, less than fifteen days from the trial court's order, Nicole and Mark
filed separate notices of appeal. The trial court conducted a hearing on August 23, 2007, as
required by section 263.405(d) of the Family Code. After stating in its order that appellants'
notices of appeal with statements of points of appeal were timely filed, the court determined
that both Nicole and Mark were partially indigent and that their "appellate points [were] not
frivolous."

 On appeal, both Nicole and Mark challenge the factual and legal sufficiency of the
evidence introduced at trial justifying the trial court's termination of their parental rights. 
Nicole additionally complains the trial court erred by denying her motion for continuance. 




Analysis


 Family Code section 263.405 governs an appeal of a final order related to a child
under Department care. See Tex. Fam. Code Ann. § 263.405 (Vernon Supp. 2007). (1) The
version of the statute in effect at the time of the Department's filing of its original petition
stated that: 

 [n]ot later than the 15th day after the date a final order is signed
by the trial judge, a party intending to appeal the order must file
with the trial court a statement of the point or points on which
the party intends to appeal. The statement may be combined
with a motion for a new trial.


Act of June 15, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2397-98,
amended by Act of June 16, 2007, 80th Leg., R.S., ch. 526, § 2, 2007 Tex. Gen. Laws 929. (2) 
Further, the Family Code specifically addresses appellate review and provides that an
appellate court: 

 may not consider any issue that was not specifically presented
to the trial court in a timely filed statement of the points on
which the party intends to appeal or in a statement combined
with a motion for new trial. For purposes of this subsection, a
claim that a judicial decision is contrary to the evidence or that
the evidence is factually or legally insufficient is not sufficiently
specific to preserve an issue for appeal. 


Tex. Fam. Code Ann. § 263.405(i). 


 Neither Nicole nor Mark filed statements of the points for appeal or motions for new
trial. While the Texas Rules of Civil Procedure allow some pleadings to be filed together in
one instrument, Nicole and Mark cite no authority that has considered whether a statement
of points filed as part of a notice of appeal is sufficient. See generally Tex. R. Civ. P. 86,
120a. Based on the language of the version of the Family Code applicable here, it appears
the legislature contemplated that a party would file a separate statement of points of appeal
or combine a statement of points with a motion for new trial. Act of June 15, 2001, 77th
Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2397-98 (amended 2007); see also
Tex. Fam. Code Ann. § 263.405(i). Nevertheless, for reasons explained below, we need not
reach the issue of whether it is possible to preserve issues for appellate review through
notices of appeal that attempt to combine sufficiently specific and adequate points for appeal. 

 Under some circumstances, although we need not decide if it does so here, Rule 71
of the Texas Rules of Civil Procedure allows a trial court, if justice so requires, to treat a
pleading mistakenly designated as the proper designated pleading. Although it is not clear
under what rule the trial court acted here, it appears that at the hearing the trial court treated
appellants' notices of appeal as a combined pleading containing a statements of points.

 Nicole's notice of appeal, however, did not complain about the trial court's denial of
her motion for continuance. Thus, this issue was not raised in any post-trial pleading that
would have given the trial court notice that Nicole intended to appeal based on the trial
court's denial of her request for a continuance. As a result, Nicole's issue complaining of
the trial court's error in denying her motion to continue was not preserved for our review.

 Further, appellants' respective notices of appeal, without pointing to any specific
evidentiary deficiencies, assert generally that the evidence was factually and legally
insufficient to support the trial court's judgment. In identical notices of appeal, Nicole and
Mark stated that "the evidence did not prove by clear and convincing evidence that [Nicole's
and Mark's] rights should be terminated."

 General complaints about evidentiary sufficiency do not comply with section
263.405(i)'s requirement requiring sufficiency points to be specific. See Tex. Fam. Code
Ann. § 263.405(i). "'The plain language of the statute indicates the Legislature intended to
bar our consideration of global, nonspecific claims of evidentiary insufficiency in a statement
of points.'" In re S.K.A., 236 S.W.3d 875, 899 (Tex. App.-Texarkana 2007, pet. filed)
(citing In re N.L.G., No. 06-06-00066-CV, 2006 Tex. App. LEXIS 10623, at *9 (Tex.
App.-Texarkana Dec. 14, 2006, pet. denied) (mem. op.). "The provision requires more than
a statement that the trial court's decision is based on legally or factually insufficient
evidence." In re J.W.H., 222 S.W.3d 661, 662 (Tex. App.-Waco 2007, no pet.). 

 Other courts evaluating the specifics required of statements of points for appeal have
similarly concluded that general points complaining about insufficiency of evidence fail to
alert the trial court to specific erroneous findings that, thereby, allow the trial court an
opportunity to correct those findings. See Tex. Fam. Code Ann. § 263.405(i); see also In
re J.W.H., 222 S.W.3d at 662 (holding that appellant's statement that the State "did not meet
the burden of proof at trial required for the termination" of appellant's parental rights
insufficient to satisfy statute); Cisneros v. Tex. Dep't of Family & Protective Servs., No. 13-06-321-CV, 2006 Tex. App. LEXIS 11121, *2-*3 (Tex. App.-Corpus Christi Dec. 29, 2006,
no pet.) (holding that statement of points claiming "that the evidence was insufficient to
terminate the parental rights" and the motion for new trial asserting "there was insufficient
evidence to terminate" appellant's parental rights were not sufficiently specific to preserve
appellate issues); In re N.L.G., 2006 Tex. App. LEXIS 10623, *9-*10 (holding that
appellant's statement that "[t]here is insufficient evidence in the record of this case to support
the jury's finding in the affirmative as to termination of the parent/child relationship" did not
include sufficient specificity); In re A.C.A., No. 13-05-610-CV, 2006 Tex. App. LEXIS
3759, *2-*3 (Tex. App.-Corpus Christi May 4, 2006, no pet.) (mem. op.) (holding that
statement in motion for new trial that claimed "the evidence was factually and legally
insufficient to support the Judgment" was insufficient to preserve the issue for appeal). We
conclude that the general complaints about the evidence contained in appellants' notices of
appeal, even if considered as statements of points, are not "sufficiently specific to preserve"
issues for appellate review. See Tex. Fam. Code Ann. § 263.405(i). 

 We find that the issues raised by Nicole and Mark in their appellate briefs were not
preserved for appeal. See Tex. Fam. Code Ann. § 263.405(i); see also Tex. R. App. P. 33.1. 
As a result, we overrule appellants' issues and affirm the trial court's judgment. 

 AFFIRMED.



 __________________________

 HOLLIS HORTON

 Justice 



Submitted on June 12, 2008

Opinion Delivered July 17, 2008

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Unless otherwise noted, we cite to the current version of the statute because the 
changes in the Family Code that have occurred since the Department filed suit against
Nicole and Mark do not impact whether they preserved their issues for review.
2. See Act of June 16, 2007, 80th Leg., R.S., ch. 526, § 6, 2007 Tex. Gen. Laws 929,
929-30. ("The changes in law made [to this subsection] apply only to a suit affecting the
parent-child relationship filed on or after the effective date of this Act[, June 16, 2007]. A
suit affecting the parent-child relationship filed before the effective date of this Act is
governed by the law in effect on the date the suit was filed, and the former law is continued
in effect for that purpose.").