230 S.W.3d 248 (2007)
In the Interest of M.N., A Child.
No. 11-06-00228-CV.
Court of Appeals of Texas, Eastland.
May 10, 2007.
Rehearing Overruled July 19, 2007.
Cynthia Rucker Allen, Whitten, Hacker, Hagin, Anderson, Allen & Self, P.C., Abilene, for appellant.
James Eidson, Dist. Atty., Patricia Dyer, Erica E. Hall, Asst. Dist. Atty's, Abilene, for appellee.
Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

OPINION
JIM R. WRIGHT, Chief Justice.
The trial court terminated Mandi Durham's parental rights to her daughter, M.N. Durham filed this accelerated appeal from the trial court's order. We affirm.
At the outset, we must determine whether Durham has preserved any points *249 of error for appeal. The Texas Department of Family and Protective Services maintains that she has not because she failed to timely file a statement of points on appeal.
TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp.2006) contains the following provision:
Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for new trial.
Some intermediate appellate courts had been holding that noncompliance with Section 263.405(b) did not constitute waiver of non-jurisdictional issues on appeal. In re S.J.G., 124 S.W.3d 237, 240-43 (Tex.App.-Fort Worth 2003, pet. denied); In re D.R.L.M., 84 S.W.3d 281, 290 (Tex.App.-Fort Worth 2002, pet. denied).
In response to those holdings, the legislature added subsection (i) to Section 263.405. TEX. FAM.CODE ANN. § 263.405(I) (Vernon Supp.2006) provides:
The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.
Appellant did not file a separate statement of points on appeal within fifteen days of the date on which the termination order was signed. She filed a motion for new trial after the fifteen-day period and within thirty days after the termination order was signed. TEX.R. CIV. P. 329b(a). Appellant combined her statement of points on appeal with the motion for new trial. The motion for new trial was filed more than fifteen days after the order of termination. Appellant, therefore, did not file a statement of points within fifteen days of the termination order as required under Section 263.405(b). The trial court attempted to enlarge the time for filing the statement by granting appellant's motion to extend the time within which to file her statement of points on appeal. The statute does not allow for such an extension. Given that the policy behind subsection (b) of the statute is to shorten postjudgment delays, we hold that the trial court cannot extend the date on which a statement of points is due to be filed.[1]See In re D.R.L.M., 84 S.W.3d at 290 (finding that subsection (b) was enacted to reduce postjudgment delays before the enactment of subsection (i)).
The statute is clear that a party who does not file a statement of the points on appeal within fifteen days does not preserve any issues for appeal.[2] Section 263.405(b). Not only does the party waive those issues, but the statute also prohibits the appellate court from considering any issues that are not contained in a statement *250 of points on appeal.[3] Section 263.405(i).
We affirm the trial court's order.
NOTES
[1] We join the other courts of appeals that have expressed due process concerns about applying this statute to termination proceedings of parental rights that are final, irrevocable and of constitutional magnitude. See, e.g., In re R.C., No. 07-06-00444-CV, 2007 WL 1219046, at *2 (Tex.App.-Amarillo April 25, 2007, no pet. h.).
[2] We do not address the procedure for determining issues raised in a motion for new trial that temporally could not have been raised in a timely filed statement of points on appeal.
[3] If the trial court finds that an appeal is frivolous under TEX. FAM.CODE ANN. § 263.405(d)(3) (Vernon Supp.2006), the aggrieved parent can appeal, but the appeal is limited to the frivolousness issue. TEX. FAM. CODE ANN. § 263.405(g) (Vernon Supp.2006); In re K.D., 202 S.W.3d 860, 865 (Tex.App.-Fort Worth 2006, no pet.). In this case, the trial court did not find the appeal to be frivolous.