Opinion filed October 11, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed October 11,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00060-CV 

                                                    __________

 

                               IN THE INTEREST OF C.R., A CHILD

                                                              

 



 

                                        On
Appeal from the County Court at Law

 

                                                           Ector County , Texas

 

                                              Trial
Court Cause No. CC-2607-PC

 



 

                                             M E M O R A
N D U M   O P I N I O N                    

 

The
Department of Family and Protective Services (the Department) filed a petition
seeking to terminate the parent-child relationship between Chad Russell and
C.R.[1] 
After a jury verdict,  the trial court entered an order terminating Russell=s parental rights to C.R. 
We affirm.[2]








Russell
brings two issues on appeal arguing that the evidence is legally insufficient
to support termination of his parental rights.  We must determine whether
Russell has preserved his issues for appellate review.  The Department
maintains that he has not because he failed to timely file a statement of
points on appeal.  TEX. FAM. CODE ANN. '
263.405(b) (Vernon Supp. 2006) states:

Not
later than the 15th day after the date a final order is signed by the trial
judge, a party intending to appeal the order must file with the trial court a
statement of the point or points on which the party intends to appeal.  The
statement may be combined with a motion for new trial.  

 

TEX. FAM. CODE
ANN. ' 263.405(i)
(Vernon Supp. 2006) states:

The
appellate court may not consider any issue that was not specifically presented
to the trial court in a timely filed statement of the points on which the party
intends to appeal or in a statement combined with a motion for new trial.  For
purposes of this subsection, a claim that a judicial decision is contrary to
the evidence or that the evidence is factually or legally insufficient is not
sufficiently specific to preserve an issue for appeal.  

 

Russell
did not file a statement of points as required by Section 263.405(b), and he
did not file a motion for new trial.  The statute is clear that a party who
does not file a statement of the points on appeal within fifteen days does not
preserve any issues for appeal.  Section 263.405(b); In re M.N., 230
S.W.3d 248, 249 (Tex. App.CEastland
2007, pet. filed); In re T.T., 228 S.W.3d 312 (Tex. App.CHouston [14th Dist.] 2007,
pet. denied); In re J.W.H., 222 S.W.3d 661 (Tex. App.CWaco 2007, no pet.); In
re D.A.R., 201 S.W.3d 229 (Tex. App.CFort
Worth 2006, no pet.).  We may not consider any issues that are not contained in
a statement of points on appeal.  Section 263.405(i); In re M.N., 230
S.W.3d at 249-50.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

October 11, 2007

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The jury charge included an
instruction on terminating the parent-child relationship between C.R. and Tracy
Colley.  The jury charge also included an instruction on terminating the
parent-child relationship between A.V. and her parents, Tracy Colley and
Michael Vandenberg. Based upon the verdict, the trial court=s order does not terminate the
parent-child relationship between A.V. and her parents and does not terminate
the parent-child relationship between Tracy Colley and C.R.  The interests of
A.V. are not before us on appeal.  

 





[2]This appeal was dismissed for want of prosecution on
May 10, 2007, and reinstated when appellant=s
motion to reinstate was granted on June 7, 2007.  The opinion and judgment
dated May 10, 2007, are withdrawn, and this court=s
opinion and judgment dated October 11, 2007, are substituted therefor.