NO. 07-07-0313-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 21, 2008
______________________________

In the Interest of N.L.H., a child 
_________________________________

FROM THE 242nd DISTRICT COURT OF HALE COUNTY;

NO. B34203-0508; HON. ED SELF, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Amber Ann Daugherty and Steven Ardel Howland appeal from the termination of
their parental rights to the minor child N.L.H. We affirm the trial court’s order. 
           On appeal, Howland challenges the legal and factual sufficiency of the evidence
to support the trial court’s findings that 1) he failed to comply with the provisions of a court
order that specifically established the actions necessary for him to obtain the return of the
child, and 2) termination was in the best interest of the child. However, Howland did not
present those issues to the trial court in a timely filed statement of the points on which he
intended to appeal or in such a statement combined with a motion for new trial. See Tex.
Fam. Code Ann. §263.405(b) (Vernon 2002). Thus, we may not consider them. Id.
§263.405(i) (Vernon Supp. 2007); In re R.C., No. 07-06-0444-CV, 2007 Tex. App. Lexis
3208 at *6 (Tex. App.–Amarillo April 25, 2007, no pet.). 
          Daugherty did file a motion for new trial in which she alleged the evidence was
legally and factually insufficient to support the order because “[t]he involuntary termination
statute was not strictly construed in favor of the parent.” Yet, the trial court’s order of
termination was signed on June 28, 2007, and the motion for new trial was not filed until
July 18, 2007. That motion should have been filed not later than the 15th day after the date
the final order was signed. See Tex. Fam. Code Ann. §263.405(b) (Vernon 2002). 
Because it was not, we are likewise precluded from considering the issue raised by
Daugherty. See Mikowski v. Dep’t of Family and Protective Servs., No. 01-07-0011-CV,
2007 Tex. App. Lexis 8309 at *4-5 (Tex. App.–Houston [1st Dist.] October 18, 2007, no
pet.); In re M.N., 230 S.W.3d 248, 249 (Tex. App.–Eastland 2007, pet. filed). 
          Accordingly, the order of termination is affirmed. 
 
                                                                           Per Curiam