Opinion filed July 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00344-CV 

                                                     __________

 

                  IN THE
INTEREST OF K.J.R. AND T.R.B., CHILDREN

 



 

                                       On
Appeal from the 318th Judicial District

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. FM 45,015

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
is an accelerated appeal from the trial court=s
termination of parental rights.  We affirm. 

Background
Facts








Shamika
Shakay Reed is the mother of K.J.R. and T.R.B.  Tony Delyne Brazell is the
father of T.R.B.[1]  The Texas
Department of Family and Protective Services became involved with these
children when T.R.B. was born.  T.R.B. tested positive for marihuana at the
time of his birth, and Reed tested positive for both marihuana and cocaine. 
The Department referred the family to Family Based Social Services.  As part of
these services, both Brazell and Reed were to participate in a drug and alcohol
assessment, a psychological assessment, parenting classes, and individual
counseling.  However, services had not yet been started when the Department
received another call regarding the neglect of the children.  At this time, the
Department removed the children.  The removal resulted from  Brazell=s brother, Reginald
Brazell, dropping the children off at the Midland County Detention Center. 
Reginald contacted the Department alleging that Reed=s whereabouts were unknown and Brazell was not
mentally stable to care for the children.  Both Brazell and Reed contested
Reginald=s story and
denied that they were unable to care for the children.  The Department removed
the children and implemented a family service plan for both Reed and Brazell,
seeking reunification of the family.  However, when both parents failed to
comply with the service plan, the Department filed a notice of intent to
terminate parental rights.   

After
a bench trial, the court entered an order terminating Reed and Brazell=s parental rights to K.J.R.
and T.R.B.  The trial court found by clear and convincing evidence that
appellant, under Tex. Fam. Code Ann. ' 161.001 (Vernon Supp.
2007):

[1]
knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endangered the physical or emotional well-being of the
children (Section 161.001[1][D]); 

 

[2]
engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangered the physical or emotional well-being of the children
(Section 161.001[1][E]);

 

[3]
constructively abandoned the children who had been in the temporary managing
conservatorship of the Department of Family and Protective Services or an
unauthorized agency for not less than six months and:  (1) the Department or
agency has made reasonable efforts to return the children to the parents; (2)
the parent has not regularly visited or maintained significant contact with the
children; and (3) the parent has demonstrated an inability to provide the
children with a safe environment (Section 161.001[1](N)); and

 

[4]
failed to comply with the provisions of a court order that specifically
established the actions necessary for the parent to obtain the return of the
children who have been in the temporary managing conservatorship of the
Department of Family and Protective Services for not less than nine months as a
result of the children=s
removal from the parent under Tex. Fam.
Code Ann. ch. 262 (Vernon  2002 & Supp. 2007) for the abuse or
neglect of the children.  (Section 161.001[1](O). 

 

 

 








                                                       Brazell=s Statement of Points

The
Department asserts that Brazell did not preserve any issues for review on
appeal because he did not timely file a statement of points as required by Tex. Fam. Code Ann. ' 263.405 (Vernon Supp.
2007).  Section 263.405(b)(2) provides: 

Not
later than the 15th day after the date a final order is signed by the trial
judge, a party who intends to request a new trial or appeal the order must file
with the trial court:   

 

(2) if an appeal is
sought, a statement of the point or points on which the party intends to
appeal.

 

Section 263.405(i) further
provides in relevant part:

 

The
appellate court may not consider any issue that was not specifically presented
to the trial court in a timely filed statement of the points on which the party
intends to appeal or in a statement combined with a motion for new trial.

 

In
this case, the order of termination was signed on November 1, 2007.  Brazell
filed his notice of appeal and statement of points on November 28, 2007. 
Brazell, therefore, did not file a statement of points within fifteen days of
the termination order as required under the statute.  The policy behind the
statutes is to shorten postjudgment delays.  In re M.N., 230 S.W.3d 248,
249 (Tex. App.CEastland
2007, pet. filed); In re D.R.L.M., 84 S.W.3d 281, 290 (Tex. App.CFort Worth 2002, pet.
denied).  The statute is clear that a party who does not file a statement of
points on appeal within fifteen days does not preserve any issues for appeal.  In
re M.N., 230 S.W.3d at 249.  Not only does the party waive those issues,
but the statute also prohibits the appellate court from considering any issues
that are not contained in a statement of points on appeal.  Id. at
249-50.  Because we cannot consider Brazell=s
issues on appeal, we  affirm the portion of the judgment that terminates
Brazell=s rights as to
T.R.B. 

Reed=s Issues on Appeal 

In
eight issues, Reed argues that the evidence was legally and factually
insufficient to support each of the four grounds that the trial court found to
support the termination.  Reed does not challenge the trial court=s finding that the termination
was in the best interest of the children. 

 








Standard
of Review

Due
process requires that the grounds for termination be established by clear and
convincing evidence.  In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002)
(citing Santosky v. Kramer, 455 U.S. 745, 769 (1982); In re J.P.H.,
196 S.W.3d 289, 292 (Tex. App.CEastland
2006, no pet.). This requires a measure or degree of proof that will produce in
the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established.  In re J.P.H., 196 S.W.3d at
292.

When
conducting a legal sufficiency review, we review all the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true. 
City of Keller v. Wilson, 168 S.W.3d 802, 817 (Tex. 2005); In re J.F.C.,
96 S.W.3d at 266; In re J.P.H., 196 S.W.3d at 292.  We must assume that
the factfinder resolved disputed facts in favor of its finding if a reasonable
factfinder could do so.  Phillips v. Tex. Dep=t of Protective & Regulatory Servs.,
149 S.W.3d 814, 817 (Tex.  App.CEastland
2004, no pet.).  We must consider all the evidence, not only that which favors
the verdict.  In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).

When
conducting a factual sufficiency review, we review the entire record, including
evidence in support of and contrary to the judgment, and give due consideration
to evidence the trial court could have found to be clear and convincing.  In
re C.H., 89 S.W.3d 17, 25 (Tex. 2002). We then determine whether the
evidence is such that a factfinder could form a firm belief or conviction that
grounds for termination exist.  Id.  We also consider whether any
disputed evidence is such that a reasonable factfinder could not have resolved
that disputed evidence in favor of its finding.  Id. 

Discussion

To
terminate parental rights, the proponent must prove by clear and convincing
evidence that a parent committed one or more of the acts or omissions set forth
in Section 161.001(1) and that the termination of parental rights is in the
child=s best interest. 
In re J.L., 163 S.W.3d 79, 84 (Tex. 2005).    








We
will first review the evidence supporting endangerment as  grounds for
termination under Section 161.001(1)(D), (E).  Endanger means to expose to loss
or injury or to jeopardize a child=s
emotional or physical health.  Tex. Dep=t
of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987); Doyle v. Tex.
Dep=t of
Protective & Regulatory Servs., 16 S.W.3d 390, 394 (Tex. App.CEl Paso 2000, pet.
denied).  The conduct must be more than a threat of physical injury or the
possible ill effects of a less-than-ideal family environment.  However, it is
not necessary that the conduct be directed at the child or that the child
actually suffer injury. Doyle, 16 S.W.3d at 394.  

Section
161.001(1)(D) requires a showing that the environment in which the child is
placed endangered the child=s
physical or emotional health.  Doyle, 16 S.W.3d at 394.  Conduct of a
parent or another person can create an environment that endangers the physical
and emotional well-being of a child.  In re W.S., 899 S.W.2d 772, 776
(Tex. App.CFort Worth,
1995, no writ).  Conduct that  subjects a child to a life of uncertainty and
instability endangers the physical and emotional well‑being of a child.  In
re S.D., 980 S.W.2d 758, 763 (Tex. App.CSan
Antonio 1998, pet. denied). 

Under
Section 161.001(1)(E), the cause of the danger to the child must be the parent=s conduct alone as
evidenced not only by the parent=s
actions but also by the parent=s
omission or failure to act.  Doyle, 16 S.W.3d at 395; In re S.H.A.,
728 S.W.2d 73, 83-84 (Tex. App.CDallas
1987, writ ref=d
n.r.e.).   The conduct to be examined includes what the parents did both before
and after the child was born.  Dupree v. Tex. Dep=t of Protective &
Regulatory Servs., 907 S.W.2d 81, 84 (Tex. App.CDallas 1995, no writ).  Additionally,
termination under Section 161.001(1)(E) must be based on more than a single act
or omission; a voluntary, deliberate, and conscious course of conduct by the
parent is required.  In re K.M.M., 993 S.W.2d 225, 228 (Tex. App.CEastland 1999, no pet.).

Lennah
Frost, an investigator for the Department, testified that she became involved
with Reed when T.R.B. tested positive for marihuana when he was born.  Frost
testified that Reed admitted to smoking marihuana during her pregnancy.  Frost
testified that Reed also tested positive for cocaine at the time T.R.B. was
born but that Reed denied using cocaine.  Frost testified that both Reed and
Brazell were referred to Family Based Safety Services for a drug and alcohol
assessment, psychological assessments, parenting classes, and individual
counseling.  However, before these services were available, the Department
removed the children based upon another call.








After
the Department had conservatorship of the children, a service plan was
implemented.  Reed testified that she agreed to follow the service plan and
participate in a drug and alcohol assessment, parenting classes, individual
counseling, urinalysis, and psychological evaluation.   Reed testified that she
completed her psychological evaluation.  She further testified that she started
individual counseling and parenting classes but that she failed to complete all
the sessions.  She testified that she went to San Antonio to Atake just a little break
from what=s been going
on with [her]@ instead
of finishing the sessions.  She testified that she did not make an effort to
finish the sessions when she returned to Midland because she was arrested for
aiding and abetting in a drug- related charge.  Reed testified that she did not
participate in the drug assessment classes but that she did take four
urinalysis tests.  She testified that two of the tests came back positive for
marihuana. She admitted to using marihuana throughout her pregnancy with T.R.B.
and admitted to smoking marihuana throughout the time this case was pending. 
Reed denied ever using cocaine but stated that she was around it during her
pregnancy with T.R.B. 

Reed
was incarcerated at the time of trial.  Reed testified that she was set to be
released from incarceration in November.  She further testified that she was
scheduled to be released earlier than November but that, because she had gotten
into a fight, her sentence was extended for a month.  She also testified that
she would be on probation for three years after she was released.  She testified
that she was going to live with her grandmother after she got out of prison. 
She testified that she did not have a job but intended to look for one when she
got out of prison.

The
evidence is legally and factually sufficient to support the trial court=s finding of termination
under the grounds listed in Section 161.001(1)(D), (E).  Reed used drugs while
she was pregnant with T.R.B. and throughout the pertinent time frame. 
Endangerment to a child can be inferred from drug use during pregnancy.  In
re W.A.B., 979 S.W.2d 804, 807-08 (Tex. App.CHouston
[14th Dist.] 1998, pet. denied); Dupree, 907 S.W.2d at 84.  Drug use and
its effects on a person=s
ability to parent can show a course of endangering conduct.  Dupree, 907
S.W.2d at 84.  








As
part of her service plan, Reed agreed to participate in a drug and alcohol
assessment and to refrain from future criminal activities.  However,  Reed
failed to participate in the drug and alcohol assessment, and she failed two of
the four urinalysis tests demonstrating a failure to refrain from criminal
activities.  Further, she went to San Antonio instead of completing the
parenting classes and individual counseling as part of the service plan
implemented for the reunification with her children.  Failure to follow a
service plan requiring an agreement to not engage in illegal drug activity is
sufficient to show conduct that endangered the well-being of the children.  In
re T.N., 180 S.W.3d 376, 383 (Tex. App.CAmarillo
2005, no pet.).

Reed
was incarcerated on a drug-related aiding and abetting charge.  She admitted to
being unable to care for the children at the time of trial.  Incarceration
alone is not sufficient to show endangerment.  However, evidence that shows
conduct subjecting a child to a life of uncertainty and instability will
support a finding of endangerment.  In re T.N., 180 S.W.3d at 383.  A
parent=s misbehavior
during incarceration extending her release date is evidence of endangerment.  In
re S.F., 32 S.W.3d 318, 322 (Tex. App.CSan
Antonio 2000, no pet.).  Reed=s
conduct that caused her to be arrested for aiding and abetting, her continuous
use of marihuana throughout the case, and her conduct while incarcerated that
extended her incarceration time is all conduct that endangered her children=s physical and emotional
well-being.

We
overrule Reed=s first
four issues.  Because we have concluded that there was both legally and
factually sufficient evidence to support the trial court=s findings under Section 161.001(1)(D), (E),
we need not address Reed=s
remaining issues.  Only one finding alleged under Section 161.001(1) is
necessary for a judgment of termination.  In re D.M., 58 S.W.3d 801, 813
(Tex. App.CFort Worth
2001, no pet.); In re S.F., 32 S.W.3d at 320. 

Conclusion

We
affirm the judgment of the trial court.[2]

 

 

RICK STRANGE

JUSTICE

July 24, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Leon Fletcher is the adjudicated father of K.J.R. 
Fletcher=s rights were terminated in the same order, but he is
not appealing the termination and, therefore, is not a party to this appeal. 





[2]Reed filed a motion to strike a portion of the clerk=s record.  The Department does not oppose the motion. 
The motion is granted.