# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00021-CV
NO. 03-08-00150-CV

**Monica Ramirez, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT
NO. 2007019, HONORABLE ROB HOFMANN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In these accelerated appeals, appellant Monica Ramirez appeals the district court's order terminating her parental rights to her minor child R.R. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2008).[1]

Following a bench trial, Ramirez's parental rights were terminated on December 19, 2007. The parties agree that Ramirez's deadline to file her statement of points on appeal was January 3, 2008, pursuant to the time limit set forth in section 263.405(b) of the family code, and that she did not file a statement of points on appeal until January 8, 2008. *See id*. § 263.405(b) (West Supp. 2008). On January 16, 2008, she filed an amended motion for new trial and statement of points on appeal and a motion for extension of time to file her statement of points on appeal,

---

[1] In Cause No. 03-08-00021-CV, Ramirez appeals the order terminating her parental rights and, in Cause No. 03-08-00150-CV, she appeals the trial court's finding that her appeal is frivolous.

contending that her court-appointed counsel did not receive notice of his appointment until January 8, and that he did not have contact with her until January 14.

At a hearing held on January 16, 2008, the trial court denied Ramirez's motion to extend time to file her statement of points on appeal. At that time, whether a trial court had the authority and what the applicable standard was to grant an extension of the fifteen-day deadline under section 263.405(b) were unclear. *See In re M.N.*, 230 S.W.3d 248, 249 (Tex. App.—Eastland 2007), *rev'd and remanded*, *In re M.N.*, No. 07-0698, slip op. at 7 (Tex. Aug. 29, 2008), *available at* http://www.supreme.courts.state.tx.us/historical/2008/aug/070698.htm. Ramirez then sought an extension from this Court to file her statement of points on appeal until January 17, and, on February 6, 2008, this Court granted the extension. The Texas Department of Family and Protective Services contends that this Court's extension was void because "[a]n appellate court has no power to extend deadlines before the trial court" and that, because Ramirez did not file a timely statement of points on appeal, she is precluded from raising her issues on appeal. *See* Tex. Fam. Code Ann. § 263.405(i) (West Supp. 2008) (appeal of a termination order is limited to the issues presented in a timely filed statement of points on appeal); *Pool v. Texas Dep't of Family & Protective Servs.*, 227 S.W.3d 212, 215 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The Supreme Court recently held that a trial court may extend the time to file a statement of points on appeal and set forth the applicable standard—upon a showing of "good cause." *See In re M.N.*, slip op. at 5. To establish "good cause," the supreme court applied the standard of Texas Rule of Civil Procedure 5 as set forth in *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002):

"by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the [opposing party]."

*Id*. at 6 (quoting *Carpenter*, 98 S.W.3d at 688). In this case, Ramirez's attorney testified at the January hearing that he filed the statement of points on appeal on the day that he received notice of his appointment and that he did not have any contact with his client until January 14. The Department did not provide contrary evidence or dispute his testimony.

In light of the supreme court's opinion in *In re M.N.*, which was decided after the trial court's decision in this case, we abate the appeal and remand the case to the 198th Judicial District Court of McCulloch County for the district court to reconsider its decision on Ramirez's motion for extension of time to file statement of points on appeal within thirty (30) days from the date hereof. Additionally, the district court shall cause the supplemental clerk's record to be filed with the clerk of this Court within forty-five (45) days from the date hereof.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Abated

Filed: September 11, 2008

3