In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-056 CV


____________________



IN THE INTEREST OF K.R., K.P., Jr., K.P., AND J.R.






On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. C-192,006






 MEMORANDUM OPINION 


 Sharisse Roberson appeals from an order terminating her parental rights to her minor
children K.R., K.P., Jr., K.P., and J.R. The trial court found, by clear and convincing
evidence, that statutory grounds existed for the termination and that termination of
Roberson's parental rights would be in the best interest of the children. See Tex. Fam. Code
Ann. § 161.001 (1)(C), (D), (E), (F), (I), (O), (P) and (Q) (Vernon Supp. 2006); Tex. Fam.
Code Ann. § 161.001 (2) (Vernon Supp. 2006). We have independently reviewed the record
and agree that the appeal is frivolous. Accordingly, we affirm the judgment of the trial court.

 Roberson's court-appointed appellate counsel submitted a brief in which he 
concludes that there are no arguable grounds to be advanced on appeal. See Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Interest of L.D.T., 161
S.W.3d 728, 731 (Tex. App.-Beaumont 2005, no pet.). The brief provides counsel's
professional evaluation of the record. Counsel served Roberson with a copy of the Anders
brief and moved to withdraw as counsel. On September 14, 2006, we granted an extension
of time for filing a pro se brief. The appellant submitted a pro se brief that she suggests nine
potential issues: (1) whether counsel was ineffective during the trial; (2) whether her due
process rights were violated because the trial court did not conduct a fourteen-day hearing
or a permanency hearing concerning her youngest child; (3) whether the evidence is legally
and factually insufficient to support the finding under Section 161.001 (1)(C); (4) whether
the evidence is legally and factually insufficient to support the finding under Section 161.001
(1)(D) and (E); (5) whether the evidence is legally and factually insufficient to support the
finding under Section 161.001 (1)(F); (6) whether the evidence is legally and factually
insufficient to support the finding under Section 161.001 (1)(I); (7) whether the evidence is
legally and factually insufficient to support the finding under Section 161.001 (1)(O), (P),
and (Q); (8) whether the Department failed to meet its burden of proof by clear and
convincing evidence; and (9) whether the evidence is legally and factually insufficient to
support the finding that termination is in the children's best interest. 

 We cannot consider the merits of these issues because the statement of points was not
filed within fifteen days of the date of judgment. See Tex. Fam. Code Ann. § 263.405 (b),
(I) (Vernon Supp. 2006). Interest of D.A.R., 201 S.W.3d 229 (Tex. App.-Fort Worth 2006,
no pet.). The trial court appointed counsel to represent Roberson in the trial court and the
clerk's record does not contain a motion to withdraw as counsel. Roberson filed notice of
appeal pro se, and the trial court appointed new counsel for the appeal within a few days of
the filing of a request for new counsel. Roberson filed her request for new counsel after the
time for filing a statement of points had expired. See Tex. Fam. Code Ann. § 263.405 (I). 
The record does not reveal what communications occurred between Roberson and her trial
counsel, and Roberson does not contend that she was not represented by counsel during the
fifteen days after the trial court signed the judgment. On the record before us, we must
presume she was represented by counsel of record during the time for filing the statement of
points. See Smith v. State, 17 S.W.3d 660, 662-63 (Tex. Crim. App. 2000); Latham v. Dep't
of Family and Protective Servs., 177 S.W.3d 341, 346-47 (Tex. App.-Houston [1st Dist.]
2005, no pet.). 

 In this case, Roberson admitted that she frequently used crack cocaine while the
children were in her custody and while pregnant with the child conceived and born during
the pendency of the case. Concurrent twelve and fifteen year sentences for attempted arson
were imposed on September 13, 2005, and she was incarcerated at the time of trial. In open
court, Roberson admitted that (1) she placed the children in conditions which endangered
them; (2) she left the children with persons who could have endangered their emotional well-being; (3) she has never supported the children financially and did not give them financial
support in the previous year; (4) she did not finish the court-ordered drug treatment plan or
comply with the court's orders; (5) she continued to use controlled substances after the
Department filed the case; (6) she engaged in criminal conduct that resulted in her
imprisonment so that she is unable to care for the children, and (7) it would not be in the best
interest of the children for them to be with her "at this time." From the fact that Roberson
did file notice of appeal, we may assume that she would have appealed any arguable issues. 
On this record, however, we cannot say that counsel would have identified any viable
appellate issues. Given the strength of the evidence supporting the trial court's findings, and
the lack of evidence that appellant communicated her desire to appeal to trial counsel,
appellant cannot argue that counsel was ineffective in failing to file a statement of points. 

 We have reviewed counsel's brief, appellant's pro se brief, and the trial court record. 
We conclude that no arguable ground for appeal exists and we therefore affirm the judgment
of the trial court. We grant appellate counsel's motion to withdraw. (1)

 AFFIRMED.

 ____________________________

 STEVE McKEITHEN

 Chief Justice 


Submitted on January 9, 2007

Opinion Delivered January 18, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. In connection with withdrawing from the case, counsel has a duty to inform the
appellant of the result of this appeal and that she has a right to file a petition for review
with the Texas Supreme Court. See Tex. R. App. P. 53; Interest of K.D., 127 S.W.3d 66,
67 n.3 (Tex. App.-Houston [1st Dist.] 2003, no pet.).