

# NUMBER 13-08-00337-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

---

## IN THE INTEREST OF L.N.B., A CHILD

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant, the biological father of L.N.B., has filed an appeal from the termination of his parental rights with respect to his minor child, L.N.B. By one issue, appellant contends that the trial court abused its discretion in terminating his parental rights without first requiring appellee, the Texas Department of Protective and Regulatory Services (TDPRS), to develop a parenting plan and without allowing him the opportunity to meet the plan's requirements. We affirm.

A party that intends to appeal a trial court's termination order is required to timely file "a statement of the point or points on which the party intends to appeal." TEX. FAM. CODE ANN. § 263.405(b) (Vernon Supp. 2008). Furthermore, section 263.405 of the family code dictates that an appellate court "may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *Id.* § 263.405(i).

In determining whether appellant complied with section 263.405, we must first determine whether the issue he raises on appeal was specifically presented to the trial court in his motion for new trial and statement of points. *See id.* In his sole issue on a appeal, appellant complains that the trial court abused its discretion by not requiring the TDPRS to develop a parenting plan and by not allowing him adequate time to comply with the plan. However, in his motion for new trial and statement of points on appeal, this issue was not "specifically presented" to the trial court.[1] Therefore, because appellant's issue on appeal does not appear in his motion for new trial and statement of points, we cannot

---

[1] Appellant's statement of points on which he intends to appeal asserted that: (1) the evidence was legally and factually insufficient to support the trial court's finding that termination was in the child's best interest; (2) the trial court abused its discretion in determining that termination was in the child's best interest; (3) the evidence was legally and factually insufficient to support the trial court's finding that he knowingly engaged in criminal conduct that resulted in his conviction; (4) the evidence was legally and factually insufficient to support the trial court's finding that he knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of the filing of the petition; (5) the evidence was legally and factually insufficient to support the trial court's finding that the TDPRS has made reasonable efforts to return the child to him; (6) the trial court abused his discretion in determining that the TDPRS has made reasonable efforts to return the child to the father; (7) the evidence was legally and factually insufficient to support the trial court's finding that the TDPRS should be appointed permanent managing conservator of the child; (8) the trial court abused its discretion in determining that the TDPRS should be appointed permanent managing conservator of the child; (9) the evidence was legally and factually insufficient to support the trial court's finding that the appointment of the TDPRS as permanent managing conservator of the child is in the best interest of the child; (10) the trial court abused its discretion in determining that the appointment of the TDPRS as the permanent managing conservator of the child is in the child's best interest; and (11) the evidence was legally and factually insufficient to support the trial court's finding that he is unable to care for the child for not less than two years from the date of the filing of the petition. *See* TEX. FAM. CODE ANN. § 263.405(b) (Vernon Supp. 2008).

consider it.  *See id*; *In the Interest of D.A.R.*, 201 S.W.3d 229, 231 (Tex. App.–Fort Worth

2006, no pet.).

      Accordingly, we affirm the judgment of the trial court.


                              NELDA V. RODRIGUEZ
                              Justice

Memorandum Opinion delivered and
filed this 28th day of August, 2008.