

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00059-CV
_____


IN THE INTEREST OF K.W., R.W., AND C.W., CHILDREN


On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 38349


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

This is an appeal of the termination of the parental rights existing between Carl,[1] the appellant, and his children, K.W., R.W., and C.W. In the operative petition, termination was sought by the Texas Department of Family and Protective Services (the Department), alleging that Carl had knowingly placed or allowed the children to remain in conditions that were dangerous and detrimental to their well-being. The mother of the children agreed to the termination and made no contest.

After a jury trial, the jury found that it was in the best interests of the children that Carl's parental rights be terminated, and the trial court entered a judgment terminating Carl's parental rights in accord with that finding.

In contrast with the objections Carl expressed in his motion for new trial, on appeal, Carl argues that: (1) the trial court erred in admitting the testimony and report of Dr. Karen Nelson and (2) the evidence supporting the jury's verdict is factually and legally insufficient.

We first review whether we have statutory authority to consider the issues raised by Carl in his appeal of the judgment of termination.

A party intending to appeal an order of termination "must file with the trial court . . . a statement of the point or points on which the party intends to appeal." TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). The statement of points on appeal may be combined with a motion for

_____
[1]In the interest of protecting the children's privacy, the appellant is referred to herein as "Carl" and not by his true name.

a new trial. TEX. FAM. CODE ANN. § 263.405(b-1) (Vernon 2008). To be timely, the statement of points, or the motion for new trial containing the points, must be filed within fifteen days of the date of the final order of termination. TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008).

Here, Carl timely filed a motion for new trial which incorporated points of appeal. For the sake of clarity, we will make reference to this filing as the motion for new trial. The motion for new trial stated that "[p]ursuant to §263.405(b)," and recites these objections with the proceedings: (1) that the trial court erred by allowing the intervenors (the foster parents) to intervene at the time and in the manner they were permitted to intervene; (2) that Carl received three fewer peremptory strikes than the parties aligned against him; (3) that Carl did not receive the statutorily required fourteen-day notice of an adversary hearing for placement of the children, and, as a consequence, was unable to participate in it; (4) that the Department failed to make sufficient effort to place the children with Carl's family before placing them in foster care; and (5) that Carl had a meritorious defense to the cause of action.

However, on appeal, in lieu of bringing forth any of the points raised in his motion for new trial, Carl contends that: (1) the trial court erred in admitting the testimony and report of Dr. Nelson and (2) the evidence supporting the jury's verdict is factually and legally insufficient. In other words, the issues presented to us by Carl on appeal are entirely different issues than those contained within his motion for new trial.

An appellate court reviewing an order terminating a parent's rights on the State's petition "may not consider any issue that was not specifically presented" in a timely-filed motion for new trial or statement of points on appeal. Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008). In other words, for those points of error claimed on appeal that were not specifically presented to the trial court in the statement of points (here, in the motion for new trial), "under the express terms of the statute, there is no contention of error that can be raised that we may consider on appeal." *In re H.H.H.*, No. 06-06-00093-CV, 2006 Tex. App. LEXIS 8563, at *2 (Tex. App.—Texarkana Oct. 4, 2006, no pet.) (mem. op.); *see also In re D.A.R.*, 201 S.W.3d 229 (Tex. App.—Fort Worth 2006, no pet.).

In this case, the points of error argued in Carl's brief were not listed in his motion for new trial; therefore, we may not consider them on appeal. Since we cannot consider the points of error actually presented to us, we must affirm the trial court's order of termination.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted: December 31, 2009
Date Decided: January 5, 2010

4