Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-11-00073-CV

### IN THE INTEREST OF G.R.M, A CHILD

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-00215
Honorable Fred Shannon, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED

This is an appeal from the trial court's order terminating Jessica R.'s parental rights to her three year old child, G.R.M.[1]  The trial court terminated Jessica's parental rights to G.R.M. following a bench trial, and Jessica filed a motion for new trial and statement of points on appeal.  The trial court denied Jessica's motion for new trial, but found that the appeal is not frivolous.  On appeal, Jessica claims: (1) there is legally and factually insufficient evidence to prove she committed any of the grounds for termination enumerated in the Texas Family Code; (2) there is legally and factually insufficient evidence to prove termination is in the best interest of G.R.M.; (3) the trial court abused its discretion by denying her request for a 180-day extension

---

[1] To protect the privacy of the parties in this case, we identify the child by his initials and the child's mother by her first name only.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2008).

under section 263.401 of the Texas Family Code; (4) the trial court abused its discretion by denying her request for a continuance; and (5) the trial court abused its discretion by denying her request for a jury trial. We affirm.

### INVOLUNTARY TERMINATION

A trial court may involuntarily terminate the parent-child relationship if it finds by clear and convincing evidence that: (1) the parent has committed at least one of the grounds for involuntary termination enumerated in section 161.001(1) of the Texas Family Code; and (2) termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2010); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Although the two elements must be proven independently, "the same evidence may be probative of both issues." *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

Proceedings to terminate a parent-child relationship under the Family Code require proof by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(1); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). Clear and convincing evidence is defined as "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002). If a parent challenges the legal sufficiency of the evidence:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence. If, after conducting its

legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient.

*Id.* at 266.

"When the factual sufficiency of the evidence is challenged, only then is disputed or conflicting evidence under review." *In re J.O.A.*, 283 S.W.3d at 345. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re J.F.C.*, 96 S.W.3d at 266. In reviewing termination findings for factual sufficiency, we give due deference to the factfinder's findings and do not supplant the judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).

## A. Statutory Grounds for Termination

Section 161.001 provides that a court may terminate the parent-child relationship if it determines the parent has:

(I) contumaciously refused to submit to a reasonable and lawful order of a court under Subchapter D, Chapter 261;

*** 

(N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and:

    (i)    the department or authorized agency has made reasonable efforts to return the child to the parent;

    (ii)    the parent has not regularly visited or maintained significant contact with the child; and

    (iii)    the parent has demonstrated an inability to provide the child with a safe environment; [or]

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child;

TEX. FAM. CODE ANN. § 161.001(1)(I),(N),(O). The trial court found by clear and convincing evidence that Jessica had violated each of these subsections of the Family Code.

Jessica contends the evidence is insufficient to support the trial court's findings under subsection (I) because the Department presented no evidence concerning the requirements of the "'reasonable and lawful order' with which [she] . . . allegedly refused to comply." It is undisputed by the parties that the "reasonable and lawful order" at issue relates to the trial court's order in connection with a motion to participate filed in the underlying case, which set out the actions necessary for Jessica to maintain her parental rights. Although the order on the motion to participate was not introduced during the bench trial below, the trial court was presented with details about the provisions of the order from several different sources. The record shows the trial court had an affidavit before it from the original caseworker assigned to G.R.M.'s case, Juanita Williams, addressing the critical aspects of the order on the motion to participate. Williams's affidavit, which was attached to the Department's original petition to terminate Jessica's parental rights, explained that the court had ordered Jessica to attend parenting classes, undergo drug assessment and treatment, and participate in counseling and homemaking services. The record also shows the trial court heard testimony about the requirements of the order on the motion to participate from G.R.M.'s current caseworker, Kristina Ramirez. Ramirez confirmed at trial that Jessica was previously ordered to participate in services, including drug treatment. Given the content of Williams's affidavit and Ramirez's testimony, we reject Jessica's

contention that the record is devoid of evidence concerning the requirements of the "reasonable and lawful order" that she refused to comply.

Next, Jessica argues the evidence is insufficient to support the trial court's findings under subsection (I) because the Department failed to present evidence that she contumaciously refused to comply with the court's order on the motion to participate. Williams's affidavit shows that shortly after the trial court entered its order requiring Jessica to undergo drug assessment and treatment, Jessica attended drug court. The drug court referred Jessica to an in-patient treatment program, where Jessica stayed no more than nine hours before leaving the program. According to caseworker Ramirez, Jessica made several other attempts to enter drug treatment following the drug court's initial referral to the in-patient program. Jessica, however, failed to complete any of the drug treatment programs she attended. Jessica's appearance at drug court and her repeated efforts to participate in drug treatment demonstrate Jessica was aware of the provisions of the order on the motion to participate and attempted to comply with its mandates.

The record shows that despite the services made available to Jessica to help her turn her life around after the entry of the order on the motion to participate, Jessica continued to test positive for drugs during the time period she was trying to effectuate a reunification with G.R.M. According to her drug test results, Jessica continued to test positive for drugs up until the day of the bench trial. When asked about her positive drug test results, Jessica admitted that she took anxiety medication for which she did not have a prescription. Moreover, she provided no explanation for why she had tested positive for cocaine. Given the evidence before the trial court, we believe the court could have formed a firm belief or conviction that Jessica contumaciously refused to comply with a reasonable and lawful order establishing the actions

necessary for her to maintain her parental rights. We therefore hold the evidence is both legally and factually sufficient to support the trial court's findings under section 161.001(1)(I).[2]

### B. Best Interest of the Child

Having determined the record supports the trial court's finding that Jessica engaged in conduct in violation of at least one section of the Family Code, we turn to whether termination is in the best interest of G.R.M. *See* TEX. FAM. CODE ANN. § 161.001(2). Factors a trier of fact may consider in determining the best interest of the child include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors are not exhaustive, and undisputed evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of the child. *In re C.H.*, 89 S.W.3d at 27. "[T]he *Holley* factors focus on the best interest of the child rather than the best interest of the parent." *In re D.P.R.V.*, No. 04-09-00644-CV, 2010 WL 2102989, at *1 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.).

Reviewing the record, we believe sufficient evidence exists to support the trial court's finding that termination is in the best interest of G.R.M. In this case, G.R.M. was too young to assert his desire with regard to his mother. *See In re T.N.J.*, No. 04-05-00586-CV, 2005 WL

---

[2] Because the record supports the trial court's findings as to section 161.001(1)(I), we need not address Jessica's complaints concerning the grounds for termination enumerated in subsections N and O of the Family Code.

3115913, at *4 (Tex. App.—San Antonio Nov. 23, 2005, no pet.) (mem. op.) (recognizing child, who was about three years old, was too young to state a desire regarding the termination of his father's parental rights). The record reveals Jessica had not seen G.R.M. for at least a year and had not made any child support payments for G.R.M. prior to the termination of her parental rights.[3] In addition, Jessica is presently unemployed. *See In re D.S.*, 176 S.W.3d 873, 879 (Tex. App.—Fort Worth 2005, no pet.) (holding evidence of a parent's unstable lifestyle, including inability to provide a stable home and remain gainfully employed, may support a factfinder's conclusion that termination is in the child's best interest), *superseded by statute on other grounds as recognized in In re D.A.R.*, 201 S.W.3d 229, 230-31 (Tex. App.—Fort Worth 2006, no pet.). The trial court heard evidence establishing Jessica is a drug user and that she continued using drugs even though her future with G.R.M. hinged upon her avoidance of drugs. *See In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (noting a parent's drug use may support a finding that termination is in the best interest of the child). The trial court further heard that G.R.M. was presently residing with a relative, who was meeting the child's needs and providing the child with a stable and appropriate home environment.[4] In light of our review of the record, we conclude the trial court could have reasonably formed a firm belief or conviction that termination of Jessica's parental rights was in G.R.M.'s best interest.[5] We therefore hold the

---

[3] *See id.* (concluding termination was in best interest of the child where father, among other things, had not see his child for at least eight months and provided no monetary support for the child during the year prior to the hearing). Although Jessica alleges she attempted to maintain contact with G.R.M.'s caregiver and voluntarily offered to support the child to the best of her ability, the trial court was the finder of fact and credibility of the witnesses.

[4] This relative, G.R.M.'s paternal grandmother, intends to adopt the child.

[5] Jessica claims termination of her parental rights was not appropriate because she got on the right path at the time of the termination trial. The record shows Jessica has begun looking for employment, is now attending parenting classes and Narcotics Anonymous, and participates in methadone treatment. She is also planning to start drug counseling. Although the trial court heard evidence regarding Jessica's recent efforts, her cooperation has been questionable and she has not complied with the Department's service plan on a long-term basis. Given the nature of the other evidence before the trial court, we cannot say such evidence requires us to set aside the trial court's judgment.

evidence is both legally and factually sufficient to support the trial court's best interest finding. Jessica's first issue on appeal is overruled.

## MOTION FOR EXTENSION OF TIME

Next Jessica asserts the trial court abused its discretion by denying her request for a 180-day extension under section 263.401 of the Texas Family Code, which she sought on the ground that she needed more time to accomplish the tasks in her service plan. The Family Code provides that, unless trial has commenced or an extension has been granted, a case filed by the Department requesting termination of parental rights shall be dismissed "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the [D]epartment as temporary managing conservator." TEX. FAM. CODE ANN. § 263.401(a) (West 2008). Section 263.401(b) authorizes a trial court to grant up to a 180-day extension if "the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the [D]epartment and that continuing the appointment of the [D]epartment as temporary managing conservator is in the best interest of the child." *Id.* § 263.401(b). We review a trial court's determination on an extension motion for an abuse of discretion. *In re D.W.*, 249 S.W.3d 625, 647 (Tex. App.—Fort Worth 2008), *pet. denied*, 260 S.W.3d 462 (Tex. 2008).

Here, Jessica failed to provide any evidence of an extraordinary circumstance that would warrant an extension of time. The record shows Jessica failed to perform necessary steps in her service plan as a result of her own choices. Jessica knew she was to engage in various services, but waited until the time of her bench trial, approximately twelve months later, to begin complying with her service plan. The trial court was clearly within its discretion to deny Jessica's request for an extension under these circumstances. *See In re K.P.*, No. 2-09-028-CV,

2009 WL 2462564, at *4 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op.) ("[W]hen a parent, through his or her own choices, fails to comply with a service plan and then at the time of the termination trial requests a continuance or an extension of the statutory dismissal deadline in order to complete the plan, the trial court does not abuse its discretion by denying the continuance or extension."); *see also Shaw v. Tex. Dep't of Family & Protective Servs.*, No. 03-05-00682-CV, 2006 WL 2504460, at *8 (Tex. App.—Austin Aug. 31, 2006, pet. denied) (mem. op.) (holding appellant's need for additional time to complete service plan after failing to make progress on it for eight months did not amount to "extraordinary circumstances" that necessitated the granting of a continuance). Jessica's second issue on appeal is overruled.

### CONTINUANCE

Jessica also contends the trial court abused its discretion by denying her request for a continuance. According to Jessica, the trial court should have granted her a continuance because a material witness was unavailable on the day of her bench trial. Jessica further argues a continuance was warranted because she wanted to proceed to mediation before going to trial.[6]

We review a trial court's denial of a continuance motion for an abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re H.R.*, 87 S.W.3d 691, 701 (Tex. App.—San Antonio 2002, no pet.). Rule 251 of the Texas Rules of Civil Procedure provides that a motion for a continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law. TEX. R. CIV. P. 251. When a trial court denies a motion that does not comply with Rule 251's requirements, it is presumed to have correctly exercised its discretion. *See Villegas*, 711 S.W.2d at 626.

In this case, Jessica filed a written motion for continuance. The motion was not verified or supported by an affidavit as required by Rule 251. The record also does not reflect that the

---

[6] Jessica's motion for continuance indicated the Department was opposed to mediation.

parties consented to a continuance, nor does Jessica argue that a continuance should have been granted by operation of law. On these facts, we presume that the trial court did not abuse its discretion by denying Jessica's motion. *See id.*; *In re R.A.L.*, 291 S.W.3d 438, 448 (Tex. App.—Texarkana 2009, no pet.). Jessica's third issue is overruled.

### REQUEST FOR JURY TRIAL

Lastly, Jessica alleges the trial court abused its discretion by denying her request for a jury trial. The Family Code provides for trial by jury upon request. *See* TEX. FAM. CODE ANN. § 105.002 (West 2008). Under Texas Rule of Civil Procedure 216, to make a proper request for a jury trial, a party must make a written request for a jury trial and pay the jury fee at least thirty days before the date trial is set. TEX. R. CIV. P. 216 ("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non jury docket, but not less than thirty days in advance."); *In re V.R.W.*, 41 S.W.3d 183, 194 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("In civil cases, the right of a jury trial is not automatic, but, rather, arises only where a party has demanded it and paid the applicable jury fee."), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d at 267. It is within the discretion of the trial court to deny a jury trial if the party requesting the jury trial does so less than thirty days before trial. *Martin v. Black*, 909 S.W.2d 192, 197 (Tex. App.—Houston [14th Dist.] 1995, writ denied). An untimely jury demand may be granted by the trial court if the request will not: (1) interfere with the court's docket; (2) delay the trial; or (3) injure the opposing party. *Hayes v. Wells Fargo Bank, N.A.*, No. 01-06-00720-CV, 2007 WL 3038043, at *6 (Tex. App.—Houston [1st Dist.] Oct. 18, 2007, pet. denied). We review the trial court's denial of a jury demand under an abuse of discretion standard. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

It is undisputed by the parties that Jessica did not timely request a jury trial because she waited until fifteen days before the commencement of the bench trial to file her request. When the trial court ruled that no jury would be empanelled, Jessica did not attempt to demonstrate that granting the request for a jury trial would not interfere with the court's docket, delay the trial, or injure the opposing party. Accordingly, we hold that the trial court did not abuse its discretion by denying Jessica's request for a jury trial. *See Lopez v. Kushner*, No. 03-06-00779-CV, 2008 WL 399195, at \*3 (Tex. App.—Austin Feb. 13, 2008, pet. denied); *Hayes*, 2007 WL 3038043, at \*6. Jessica's fourth issue is overruled.

## CONCLUSION

Based on the foregoing, we affirm the trial court's order terminating Jessica's parental rights.

Catherine Stone, Chief Justice